JOHN C. POE v. R. W. HARDIE, Sheriff.

The act of 1869–'70, chap. 121, exempting from execution the reversionary interests in Homesteads, is constitutional.

The object of this act was intended to protect the owner thereof against any vexatious litigation which might be instituted by the purchaser of a reversionary interest.

The estate in the Homestead is a *determinable fee*, and the owner thereof is not impeachable for waste. *Hill* v. *Kesler*, 63 N. C. cited and approved.

Rule for an amercement against the Sheriff of Cumberland County, heard before *Buxton, J.*, at Spring Term, 1871, of CUMBERLAND Superior Court.

The plaintiff placed in the hands of the defendant, as Sheriff, an execution against one Duncan Shaw, based upon a judgment which was obtained upon an ante-war debt. The Sheriff returned thereon, "Received April 11th, 1871. Nothing to be found in excess of Homestead." The defendant for cause why a judgment *ni si* should not be entered against him, relied upon the Act of 1869–'70, chap. 121.

His Honor held the return of the defendant sufficient, and dismissed the rule. Appeal by plaintiff.

*Hinsdale*, for plaintiff.
*Phillips & Merrimon, W. McL. Kay* and *B. & T. C. Fuller*, for defendant.

1. The Constitution, Art. X, sec. 2, 3, and 5, exempts the Homestead from sale under execution, *not any particular es-tate,* but the whole, during a designated period of time. By sec. 8, the owner may sell, subject to a lien, however, if one has been acquired; the lien being in the nature of a mortgage.

2. The Act of 1870, chap. 121, is constitutional;

(a.) Because it merely prohibits the Sheriff from interfering with a vested right, it does not enlarge the exemption, nor impose any unusual hindrances in the way of the creditor.

(b.) If its operations be to enlarge the exemption, this is no objection, because the exemption is constitutional. *Hill* v. *Kesler,* 63 N. C. 437. And for the same reason any extension of it must be constitutional.

(c.) If the result of the statute be to enlarge the exemption, it is good because the right of the creditor is not impaired. He can still sue, get judgment, and have his execution satisfied out of the debtor's property liable to execution.

Dick, J. The execution in the hands of the Sheriff was issued to satisfy a judgment obtained on the 17th day of March, 1871, upon a debt contracted previous to the adoption of our Constitution.

The Sheriff failed to levy upon and sell the reversionary interest in a homestead, which had been assigned to the defendant in the execution; and a motion was made to amerce the Sheriff for his failure to perform an official duty. This presents the question whether the Act of the 25th of March, 1870, (Acts of 1869–'70, chap. 121, page 165) exempting from execution the reversionary interest in homesteads, is in violation of the Constitusion of the United States as "impairing the obligation of contracts," (Art. 1, sec. X.)

The rules of law regulating homestead and personal property exemptions, and the principle upon which they are founded, were elaborately considered by the Court in *Hill* v. *Kesler,* 63 N. C., 437. In that case it was decided that "the provisions

of the State Constitution giving a homestead and other exemptions, apply to pre-existing contracts, as well as to such as were entered into afterwards, and do not thereby violate the provisions of the Constitution of the United States in regard to the obligation of contracts."

As it was determined that the State had the power to create the homestead, there can be no constitutional objection to the law-making power of the State throwing around the homestead, while it exists, such safe-guards as are necessary for its protection and complete enjoyment.

The act of the 25th day of March, 1870, is not only constitutional, but it carries out the wise and beneficent policy of the Constitution of the State, in securing a home to a householder and his family beyond the reach of legal process 'on the part of creditors.

The estate in the homestead, as created by the Constitution, is a determinable fee, and the tenant was not " impeachable for waste " even before the passage of the act above referred to. That act was intended to protect the owner of a homestead against any vexatious litigation which might be instituted by the purchaser of a reversionary interest. Such interest, if sold, would yield but little to an execution creditor in satisfaction of his debt, and in nine cases out of ten, would be purchased by speculators.

The entire interest and control of the homestead being now, by law, vested in the holder, encourages him to improve and beautify his home, make it more comfortable for himself and family, and more valuable to creditors at the expiration of the determinable estate. The act also provides that the statute of limitations shall not run against the creditors of the holder of a homestead, during the existence ef the estate.

The ruling of his Honor in the Court below was correct.

Per Curiam.                                        Judgment affirmed.