JOHN W. HINSDALE, Adm'r., v. G. F. WILLIAMS and wife and others.

The reversionary interest in a homestead cannot be sold by an administrator in a petition to make real estate assets, during the minority of one of the children of the intestate.

(*Poe* v. *Hardie*, 65 N. C. Rep., 447, cited and approved.)

This was a PETITION by an administrator to make real estate assets, filed before the Probate Judge of CUMBERLAND County, and thence carried by the appeal of the plaintiff to the Superior Court, and there heard before his Honor Judge BUXTON, at Chambers, June 12th, 1876.

The only point involved in the appeal was the right of the administrator to sell the reversion in a homestead, one of the distributees being a minor. The Probate Judge decided that the same could not be sold, which judgment was affirmed by his Honor, from whose judgment the plaintiff appealed.

*McRae* and *Broadfoot*, for appellant.
· *Sutton* and *Graham* and *T. A. McNeill*, contra.

· READE, J. It is conceded that a reversionary interest in a homestead is not subject to sale for any debt under *execution.* Bat. Rev., chap. 55, sec. 26. *Poe* v. *Hardie*, 65 N. C. Rep., 447.

The question presented now is, whether such reversionary

interest is subject to sale by an administrator under an order of Court, in a proceeding to make real estate assets, to pay the debts of the intestate homesteader, during the minority of one of his children, who is in the enjoyment of the homestead.

The reason given why the reversionary interest of the original homesteader should not be sold in his lifetime is that the interest is an uncertain one, being for his life; and therefore, the sale and purchase must be a mere speculation; and, furthermore, that it is against the policy of the homestead law to have the homestead disturbed by an adverse interest.

It is insisted that the first reason does not obtain here, because the defendant's interest is not for life; nor for any uncertain period; but until he shall arrive at the age of twenty-one years, which is eight years. But the plaintiff overlooks the fact that while the defendant's term cannot go *beyond* eight years, yet it may fall very far *short* of it, in the event of the defendant's death. So that the interest is uncertain. It may be one year, or eight years.

There are two reasons urged why an administrator ought to be allowed to sell which do not apply to a sale under execution. In the first place, it is important that the estate of deceased persons should be settled up speedily. That is undoubtedly true; and we have to choose between that evil and the evils of selling uncertain interests, and of disturbing the homestead. And our determination is against the sale.

In the second place, it is urged that the statute *supra*, against the sale of reversionary interests in homesteads is only against sales under " *executions*." And such is the *letter* of the statute. But the purpose of the statute was to prevent *forced* sales of the reversionary interest, under any circumstances. What difference can it make whether the sale is under an order of the Court called an execution, or under an

order of the Court called an " order of sale," or by some other name ?

There is no error. Affirmed with costs. This will be certified to the end that order may be taken for the sale of the excess over the homestead, if there be any excess.

PER CURIAM.                    Judgment affirmed.