W. H. SHIELDS, Administrator, *v.* W. N. ALLEN and others.

*Sale of Land—Special Proceeding—Parties—Executors and Administrators—Homestead.*

1. Where a particular piece of land is sold under an order of Court, a good title is deemed to be offered and a purchaser will not be compelled to complete his purchase by payment of the price, if it appear that a good title cannot be made. It is otherwise in cases where the sale is ordered merely of the *estate* of a person named, in the land.

2. Where a sale of land was made by an administrator under an order of Court for the purpose of making real estate assets, in a proceeding to which certain infant heirs-at-law were not made parties by personal service of process, which land was afterwards set apart to such infants as a homestead; *Held*, that the purchaser was entitled to have the sale vacated, the cash paid as part of the purchase money refunded and his note given to secure the residue of the purchase money cancelled.

(*Hinsdale* v. *Williams*, 75 N. C. 430; *Allen* v. *Shields*, 72 N. C. 504, cited and approved.)

SPECIAL PROCEEDING commenced in the Probate Court and heard on appeal at Spring Term, 1877, of HALIFAX Superior Court, before *Buxton, J.*

The defendants are the heirs-at-law of James V. Allen, the intestate of plaintiff, whose land was sold for the payment of his debts. A portion of the land was bought by one John Manley who paid a part of the purchase money and gave a note for the balance due, with one John A. Reid as surety. Manley is insolvent. Reid died intestate and J. M. Mullen is his administrator. The report of the sale was returned and regularly confirmed, and the plaintiff directed to collect the balance of the purchase money at the maturity of the note. On the day of sale the defendants gave notice that they claimed the land as a homestead. See *Allen* v. *Shields*, 72 N. C. 504.

The plaintiff now applies for a rule on Mullen, the admin-

istrator of Reid, to show cause why judgment should not be rendered for the balance of the purchase money. This was resisted upon the ground that the plaintiff could convey no title to the land, and that the Court had no power to order a sale thereof. And it was insisted that the amount of the cash payment should be refunded. The Probate Judge refused the application and His Honor affirmed the judgment and the plaintiff appealed.

*Mr. Thos. N. Hill*, for plaintiff.
*Messrs. Mullen & Moore*, for defendant.

RODMAN, J. It is conceded that the minor children of John V. Allen were entitled to a homestead in the lands described in the pleadings. 72 N. C. 504. After such homestead was laid off there was no excess; the whole land did not exceed $1,000 in value. The homestead estate could not be sold to pay debts, nor could the reversion after the expiration of the homestead. *Hinsdale* v. *Williams*, 75 N. C. 430. There was nothing, therefore, which the Court could authorize to be sold, or which the administrator could sell. The purchaser acquired nothing. All this seems to be admitted ; at all events, we take it to be clear.

The plaintiff, however, contends that the purchaser took the risk of getting a title and must pay his bid, although it happens that he gets no title, just as a purchaser at an execution sale must.

There is no doubt but that such is the law of execution sales. It is equally clear that when a Court orders a sale of a particular piece of land for partition or any other purpose, it offers to sell a good title and will not compel a purchaser to complete his purchase by payment of the price if it appears that a good title cannot be made, except when the sale is expressly or by implication stated to be merely of the

*estate* of a person named, as on the foreclosure of a mortgage, or of some other certain and definite estate or right.

The counsel for the plaintiff contends that the distinction is between a sale *in invitum* as by a sheriff under an execution, and one which in fact or in form is by consent of parties as under a judgment for partition.

But we conceive that no line of distinction on that ground can be maintained; because in proceedings in partition or by creditors or others to enforce a trust, and in other analogous cases in which a sale may be ordered and in which a good title is offered, the decree may be and often is, both in fact and in form, *in invitum.*

The test whether a good title or merely the estate of a named person, whatever it may turn out to be, is offered for sale must be found in the decree itself—and where that is not clear, in the nature of the proceedings in which it is made. In a proceeding for partition the Court first determines that the title to the property is in the parties, and between the parties the adjudication is conclusive. It then decrees that the land or other property be sold. Consequently it offers for sale a good title and cannot insist upon payment by a purchaser unless such a title can be made. So it is in cases where a Court decrees a sale by an executor or other trustee, and other analogous cases. The nature of the proceeding implies that a good title is offered, and it will be so deemed unless there be something in the decree for sale which forbids such an implication. A Court may of course always describe in its decree what estate its commissioner is to sell and it ought always to do so; and especially is it needful to do so when it means that the purchaser is to take the risk of title. Generally it would unduly disparage the value of property to order a sale at the risk of the purchaser as to the title, and it would be unjust to the owners. It suggests that the title is doubtful. Hence a Court will never order a sale on such terms except in exceptional cases.

In the present case the complaint alleges that John V. Allen had died seized of the land which descended to his heirs, some of whom were infants, and that it was necessary to sell it to pay his debts. The Court orders that the administrator sell *the land*, and the order implies that it had adjudicated as to all the parties to the action that the land could properly be sold for the purpose. The land—that is, a good title to the land—was, and under the decree ought to have been, offered for sale by the commissioner. That was what the purchaser contracted for and he is at liberty to rescind the contract when it appears that the commissioner cannot perform his part of it, *i. e.* cannot make a good title by reason of the right of the minor children to a homestead in it which takes the whole area sold.

If the infants had been regularly made parties and had then neglected to claim their homestead, probably their rights would have been barred by the adjudication. All bidders had a right to suppose that the infants were barred, and the purchaser cannot now be compelled to complete a contract different from that which he entered into. He did not get what the Court ordered to be sold and what was offered for sale, which was the land.

The distinction between such cases and a sale by a Sheriff under execution is obvious. In the case of execution sales, the order of the Court, that is, the *fi. fa.*, commands the Sheriff to sell any property of the defendant. Nothing in particular is directed to be sold. The nature and form of the proceedings show that there has been no inquiry as to the property or estate of the defendant in the thing sold. Consequently the purchaser buys what is professed to be sold, viz : the estate of the defendant in the thing and nothing more.

The Court should have vacated the sale and ordered the note to be cancelled and returned to the maker and the cash price returned to the purchaser.

The case is remanded to be proceeded in according to this opinion. The defendant in the motion will recover his costs in this Court.

PER CURIAM.                    Judgment accordingly.