JOHN L. MARKHAM v. W. H. HICKS & CO.

## Homestead—Reversionary Interest.

1. The debtor's estate, in its entirety, in the homestead, is protected from sale under execution until the expiration of the period of exemption. THE CODE, §501, and following. The law prohibiting the sale of the "reversionary interest" has not been changed by the fact that the act of 1870 (Bat. Rev., ch. 55, §26) is not incorporated into THE CODE.

2. The legal effect of the homestead laws is to protect the occupant in the enjoyment of the land set apart as a homestead, unmolested by his creditors.

3. No judgment lien attaches to the homestead where the debt was contracted since May 1, 1877 (ch. 253).

(*Poe* v. *Hardie*, 65 N. C., 447; *Littlejohn* v. *Egerton*, 77 N. C., 379; *Bank* v. *Green*, 78 N. C., 247; *Keener* v. *Goodson*, 89 N. C., 273; *Mebane* v. *Layton*, *Ib.*, 396, cited and commented on).

MOTION by defendant for injunction heard at Spring Term, 1884, of DURHAM Superior Court, before *McKoy, J.*

The motion was granted and the plaintiff appealed.

*Mr. W. W. Fuller*, for plaintiff.
*Messrs. Graham & Ruffin*, for defendant.

SMITH, C. J. The plaintiff having recovered judgment before a justice of the peace on August 31st, 1883, and caused it to be docketed in the superior court of Durham, sued out execution and delivered the same to the sheriff of Orange, directing him to sell in satisfaction a tract of land therein, which in this action had been allotted to the defendant Stanly as his homestead. The sheriff being about to sell this land, there being no other property of the debtors liable to seizure, the said defendant applied for and obtained a restraining order, the issuing of which is the subject of the plaintiff's present appeal. For him it is insisted that the act of 1870, Bat. Rev., ch. 55, §§26 and 27, being omitted from THE CODE, has ceased to have operation, and

the land, subject to the exemption, may now be sold for the satisfaction of the plaintiff's debt.

The argument in support of this contention proceeds upon the misconception that there is a divided estate in the debtor, produced by the separation and setting apart of the exempt from the remaining land, one, enduring for his own life and prolonged for the benefit of his wife and minor children, the other, the residue of his previous estate. The former, or homestead proper, is called in *Poe* v. *Hardie*, 65 N. C., 447, "a determinable fee," and in *Littlejohn* v. *Egerton*, 77 N. C., 379, by the late Chief-Justice, "a quality annexed to land whereby the estate is exempted from sale under execution." The other is designated alike by the court and the act referred to, as "a reversionary interest" left unprotected by the constitution.

These inadvertent expressions, as to the effect produced upon the debtor's estate in the exempt land, have led to serious and embarrassing difficulties in interpreting the beneficient provision of the constitution in securing a home to the debtor and his family, without trenching needlessly upon the rights of creditors. The force of the constitution, and of the statute to give it effect, is spent in repelling the creditor from the property which is thus placed beyond the reach of final process, and leaving the debtor in its full and undisturbed enjoyment for the prescribed period. They place the property, when ascertained and set apart, outside of that which the creditor may seize and appropriate to his judgment, as if for the time being the debtor did not own it.

The correct view of the constitution and the subsidiary statutes is taken and expressed by BYNUM, J., in *Bank* v. *Green*, 78 N. C., 247 : "Their legal effect is simply to protect the occupant in the enjoyment of the *land, set apart as a homestead, unmolested by his creditors.*"

Again: "The homestead has been called a determinable fee, but as we have seen that no new estate has been conferred upon the owner, and no limitation upon his old estate imposed, it is obvious that it would be more correct to say that there is con-

ferred *upon him* a determinable exemption from the payment of his debts in respect to the particular property allotted to him."

The subject is similarly considered in the cases of *Keener* v. *Goodson*, 89 N. C., 273, and *Mebane* v. *Layton, Ib.*, 396.

In the former the court say: "The assignment of a homestead is in no sense a conveyance of land, nor does it profess to pass any title." * * * It has no other effect than simply to attach to his existing estate a quality of exemption from sale under execution.

In the latter it is said, that the assignment of the homestead "only serves to indicate where it is and whether there be any excess subject to levy and sale to pay judgment creditors."

The estate of the debtor remains after the allotment, as before, the same, whether it be in fee, for life, or for years. It is *this estate in its entirety* in the exempt land which the creditor is not allowed to sell under final process by the mandate of the constitution, and to which no judgment lien now attaches, when the debt was contracted or the cause of action accrued since May 1st, 1877. THE CODE, §501, part 4.

It is to be remembered that when the constitution was formed and adopted, no lien upon land was created by the rendition of a judgment, and it attached only when execution issued, running back to its teste for a commencement, and therefore the prohibition was a full and ample protection, not only against a sale, but against any lien upon the exempt property, for there could be no lien unless the officer having the final process could sell.

The general assembly in the enactment of THE CODE seems to have interpreted the constitution as putting an interdict upon a sale of the *land set apart*, that is, of the *debtor's estate therein*, whatever it might be, until the expiration of the period of exemption, thus rendering unnecessary the incorporation into THE CODE of the act of 1870. A glance at some of its sections will make this manifest.

Section 501 exempts "*such property* as the judgment debtor may have set apart," &c. Specification 3 in this section pro-

vides for the exemption of "the *property, real and personal,* as set forth in article ten of the constitution," &c. Specification 4 declares to be exempt in certain cases "the property, real and personal," and the homestead, &c.

These terms are not of doubtful meaning, since they are themselves defined in section 3765, part 6, where it is enacted that "*property*" shall include "all property both real and personal;" "*real property*" shall embrace "lands, tenements and hereditaments," and "*personal property*" shall take in "all things capable of ownership not descendible to the heirs-at-law."

In the form of the appraisers' return, given in section 524, it is declared that "the entire tract" bounded by the circumscribing lines "is therefore exempted from sale under execution according to law."

This language strongly implies a legislative construction of the constitution in consonance with the judicial, which forbids the sale of the land covered by the exemption, and which itself constitutes the homestead and the debtor's estate therein, leaving to him and his family the uninterrupted possession and enjoyment for the limited space, free from the claims of the creditors.

This interpretation of the constitution relieves the subject from many perplexing difficulties, incident to the idea of a change of the debtor's estate; and we adopt it as calculated to protect the insolvent in the use of the privileges conferred upon him by law, and his exempted homestead from interruption by creditors. When it expires, this, as any other property, becomes subject to their demands, but not sooner. The personalty is exempt: why should not the land of specified value within the limits be equally so? We see no reason for distinguishing between them, except that in one case the exoneration is for a term of years which may extend beyond life and does operate during life, while the other is for the debtor's life only. Such we hold to be the law.

There is no error in the issue of the restraining order. Let this be certified.

No error. Affirmed.