WM. H. UTLEY and WIFE v. B. K. S. JONES et als.

## Mortgage—Lien of Docketed Judgments.

In this action judgment was rendered in favor of plaintiff for balance due for a tract of land sold by *feme* plaintiff to defendant, and for sale of the land for its payment. The land sold for $455, being $182.34 in excess of plaintiff's judgment, which sum remained in clerk's office after the judgment was paid. Mortgagee, to whom the land was mortgaged by defendant to secure a debt, claimed $100 of this balance under the mortgage. Several judgment creditors, with docketed judgments, also set up a claim to this balance; *Held*, that the mortgage must be paid in full; that no lien was created by docketing the several judgments, under the Act of 1876-'77, ch. 253, the debts having been contracted since 1st May, 1877, and not being for the purchase of the said real estate, nor for laborers' or mechanics' lien for work done for claimant of homestead, nor for taxes. The Code, §501, par. 4.

(*Arrington* v. *Arrington*, 91 N. C., 301; and *Markham* v. *Hicks*, 90 N. C., 204, cited approved).

CASE AGREED heard at August Term, 1884, of the Superior Court for WAKE county, by *Gudger*, *Judge*.

This action instituted in the Superior Court, to enforce payment of the residue of the debt contracted in the purchase of the land described in the complaint from the *feme* plaintiff, previous to her marriage with the other plaintiff, resulted in a judgment

therefor and for the sale of the premises. The land was accord-
ingly sold by a commissioner for the sum of $455; which was
paid into the clerk's office.

After discharging the debt and costs of the action, there
remains an excess of $182.34 of which one hundred dollars is
claimed by the plaintiff's attorneys, as a debt due and secured by
a mortgage of the premises to them, by deed of the defendant
executed on October 13th, 1883, and registered on the 5th day
of January thereafter. The plaintiff W. H. Utley and two other
creditors of the defendant, who do not appear in the record to
have become parties to the suit, also assert claims to the money,
subject to the defendant's right of exemption, by virtue of judg-
ments rendered by justices of the peace, against the defendant,
and docketed in the Superior Court as follows:

(I). A judgment in favor of the said plaintiff for $46.31,
with interest from February 6th, 1883, and docketed on Septem-
ber 1st, 1883.

(II). A judgment in favor of H. C. Olive for $22.50, with
interest at 8 per cent. from March 26th, 1879, docketed October
18th, 1882.

(III). A judgment in favor of T. H. Briggs & Sons for
$123.18, with interest from October 31st, 1877, docketed on the
23d day of November, 1883.

These facts are contained in an agreed statement from the con-
testing claimants, and come up as a case on appeal.

The court adjudged that the attorneys were entitled to be paid
their debt in full, and referred to the clerk an inquiry into the
value of the life estate of the defendant in the entire sum of
$182.34.

From this judgment and ruling the creditors appeal.

*Messrs. D. G. Fowle* and *Armistead Jones*, for plaintiffs.
*Messrs. Reade, Busbee & Busbee*, for defendants.

SMITH, C. J. (after stating the facts as above). There is no
error in so much of the judgment as awards full payment of the

mortgage debt from the fund.   The defendant having no wife, so far as the record discloses, whose concurrence would have been necessary in passing title free from the incumbering homestead under the constitution, as sole owner, could and by his deed did convey the full estate vested in him to the mortgagees, and, of course, the debt thereon secured was entitled to payment from the proceeds of the sale.

No lien was created by docketing the judgments, as we must infer from the times at which they bear interest, they were all rendered on contracts entered into subsequent to May 1st, 1877.

As to such debts the act of 1876-'77, chap. 253, declares that the property real and personal specified in subdivision 3 of this section, and the homestead of any resident of this State shall not be subject to the lien of any judgment or decree of any court, or to sale under execution, or other process thereon, except such as may be rendered or issued to secure the payment of obligations contracted for the purchase of said real estate, or for laborers' or mechanics' liens for work done and performed for the claimant of said homestead, or for lawful taxes.   *Code, sec.* 501, *par.* 4.

So the law is declared in *Markham v. Hicks,* 90 N. C., 204.

As there was no lien formed by the docketed judgments, the portion of the moneys left, after discharging the mortgage debt, like moneys raised under an execution sale in excess of what was required to satisfy the judgment, belongs to the defendant.   The order of reference was uncalled for and erroneous, and the residue should have been directed to be paid to the debtor whose land has been sold.

If it were not that a final judgment was the proper one to be rendered, disposing of the entire fund, we should be constrained to dismiss the appeal as prematurely taken, inasmuch as fragmentary appeals are not entertained, as ruled in *Arrington v. Arrington,* 91 N. C., 301, and the cases cited in the opinion.

Judgment will be here entered according to this opinion.