J. A. PERRY, ADMINISTRATOR, ET AL., v. ZONNIE WIGGINS ET AL.

(Filed 9 October, 1929.)

**1. Judicial Sales B a—Under facts of this case action of trial court in setting aside deed under judicial sale is affirmed.**

The purchaser at a judicial sale of land under proceedings for partition may, by motion when the matters are *in fieri*, have the court to exercise its equitable discretion to set aside the deed when it appears that his title is substantially defective and that the parties may be put in *statu quo* and the action of the court in so doing when the proper findings of fact are supported by the evidence will be upheld on appeal.

**2. Judicial Sales C a—Caveat emptor does not apply to judicial sales under order of court.**

The doctrine of *caveat emptor* does not apply to judicial sales under orders of court in its equitable jurisdiction, and where under such order an entire tract of land is to be sold the purchaser at the sale has a right to rely upon the court to give him a good title to the whole tract, nothing appearing to put him on notice that a less estate would be offered at the sale.

APPEAL by plaintiffs from *Small, J.,* at February Term, 1929, of NASH. Affirmed.

The court below found the facts and rendered judgment as set forth in the record. The plaintiffs made numerous exceptions and assignments of error to the findings of fact by the court below and the judgment rendered, and appealed to the Supreme Court.

*J. S. Manning and L. T. Vaughan for plaintiffs.*
*Cooley & Bone for petitioner, C. H. Bunn.*

CLARKSON, J. The question involved is whether or not the court below in its equitable discretion rightfully exercised its power to set aside a deed executed under order of the court at a judicial sale, the deed purporting to, but did not, convey a fee-simple title to the whole land? We think, under the facts and circumstances of this case, the court

below in its exercise of equitable powers rightfully set aside the deed. There was sufficient evidence for the court below to base its findings of facts, briefly, as follows:

A special proceeding was instituted by plaintiffs against the defendants for the partition of certain lands. A sale was ordered and the land, on 3 May, 1926, exposed for sale at public auction and C. H. Bunn became the last and highest bidder at the price of $705.00. Bunn complied with the terms of sale and, in accordance with the decree in the cause, the commissioners made him a deed purporting to convey a fee-simple title for the whole land. It was discovered, before the decree was confirmed, that the title was defective in that four certain parties who owned an interest in the land had not been served with summons, but this was done after the decree and after the deed purporting to convey fee-simple title to the whole land was executed. One of the new parties filed an answer asking that her interest in the property be not sold. The purchase money paid by Bunn is still in *custodia legis* except the advertising cost has been paid. The payment of the rent money was held up awaiting the orders of the court. Some of the parties interested in the property are in possession and have never surrendered same and the said Bunn has never been put in possession or received any rent and has never had a perfect title. That the title is substantially defective in that the purported deed of the commissioners does not convey a fee-simple title to the whole of said property. That the purchase money has been held by the court for over two years and the purchaser has received no interest nor any revenue therefrom. That the title has never been perfected. The court below on these facts was of the opinion that all the parties should be restored to their original *status quo,* and so ordered. C. H. Bunn, the purchaser at the commissioners sale, after notice by motion and petition in the cause setting forth the facts, prayed that the parties be put in *status quo.* Since this motion and petition, the defendants *now* put in an answer, and their prayer is as follows:

"Wherefore, the defendants pray the court that they may be heard upon the merits of this action, that any purported sale or other proceedings affecting the title to the above described tract of land be set aside, vacated and declared void and of no effect, and that such order as may be necessary shall be made to restore to herself and her brothers and sisters and their legal representatives such interest in the above described tract of land as they originally acquired by reason of the death of their brother, O. Z. Wiggins."

It appears from the record that this partition proceeding was interlocutory—*in fieri*—and the purchaser Bunn was not negligent or estopped from making the application by motion and petition in the cause.

In 16 R. C. L. (Judicial Sales), at p. 121, the law is stated: "However, in its modern application to judicial sales, the rule of *caveat emptor* has been somewhat relaxed; and it is now generally conceded that a purchaser at a judicial sale is entitled to expect and obtain a sound and marketable title to the property sold. The purchaser should therefore not be compelled to accept a defective or doubtful title, or to complete the sale or pay the purchase money until the defect is obviated. He is entitled to a good and marketable title and one that is free from equities, encumbrances and all reasonable doubt. Furthermore a person who, in good faith, bids upon real property at a judicial sale where the particular interest offered is not expressly stated has a right to assume that he is to receive a conveyance of the fee, and that the title to such real property is marketable."

In *Edney v. Edney,* 80 N. C., at p. 85-6, speaking to the subject, it is said: "It is settled in this State, that in judicial sales, a good title is to be deemed as offered, and the purchaser will not be compelled to pay his money and take a title substantially defective, unless the sale be made of an estate or interest short of the entire title, and so expressly mentioned on the face of a decree, or clearly implied from the nature of the sale. *Shields v. Allen,* 77 N. C., 375. To this rule we fully assent as material to establish a confidence in sales made by authority of the court, and as conducing to beget fair competition of bidders. And we agree that the doctrine of *caveat emptor* should not apply to such sales, unless there be something on the face of the decree indicating a sale of some estate or interest defective, or less than a whole title, and thereby putting the purchaser on his guard and at his own risk."

In *Carraway v. Stancill,* 137 N. C., at p. 476, it is said: "Courts of equity do not knowingly offer a disputed and litigated title for sale to the public, and especially by decree in the very action in which one of the defendants sets up a bona fide title to the land. Bidders and purchasers at execution sales have to look out for themselves, and they get only such title as the sheriff can convey. They may get something; they may get nothing; they know this when they bid. Judicial sales are decreed and conducted upon entirely different principles. Under such sales the purchaser has a right to look to the court to protect him. If the title fails and the money is still in *custodia legis,* the court will refund it or make such orders and decrees as are necessary and proper to perfect the title, if that be practicable."

The record discloses that the title to the land deeded by the commissioners to Bunn was substantially defective. The purchase money was held by the careful commissioners in *custodia legis*—they realizing that if they paid out the money with the uncertainty as to the true owners, some of whom were not served with summons, that they might

be personally liable. The title has never been perfected. In fact, after the proceeding was *in fieri* and title not perfected, the record discloses that the defendants themselves do not *now* desire the property sold for partition. On the present record it appears that it is doubtful if a good fee-simple title to the whole land could ever be made. A purchaser at a judicial sale is not required to wait indefinitely until a defective title of a substantial nature is cured. The court below, exercising its equitable power, decreed that the parties be restored to their original *status quo*. In this we think there was no error. The judgment below is

Affirmed.