State v. Cleveland

STATE OF NORTH CAROLINA v. GEORGE CLEVELAND, JR.

No. 8014SC939

(Filed 3 March 1981)

Criminal Law §§ 73.2, 79– statement by one robber not hearsay – admissibility against another robber

A robbery victim's testimony that defendant's accomplice told him that if he did not give the accomplice his money defendant was going to hurt him was not inadmissible hearsay since the utterance was offered without reference to the truth of the matter asserted; furthermore, the threat by defendant's accomplice, made during their joint commission of the crime, was as competent against defendant as it would have been against the accomplice.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 28 May 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 10 February 1981.

Defendant was convicted of robbery. Judgment imposing a prison sentence was entered.

*Attorney General Edmisten, by Associate Attorney General R. Darrell Hancock, for the State.*

*Robert E. Whitfield, for defendant appellant.*

VAUGHN, Judge.

The State offered evidence tending to show the following. Eric Earl testified that he rode around and drank beer with Michael Thompson in his car, and that defendant, known as June Bug, and two other men were along. Earl had just cashed his paycheck and had $135.00 to $140.00 in his pocket. He told Thompson that he would buy the beer if they would pay for the gas. He and Thompson later argued about the beer, and he wanted to go home because everyone was arguing. He told Thompson that he would give him $2.00 to take him home but Thompson wanted $20.00. Thompson then drove him past his mother's house, where he lived, and continued on to a local dairy bar several blocks from his home. He paid Thompson the $2.00 and began to walk home, taking a shortcut around a church when Thompson called his name. He stopped to see what he wanted, and Thompson and defendant came over the church-yard fence following him. They told him to give them his money and that he would be hurt if he did not comply. When he said he did not have any money, both Thompson and defendant began to hit him about his eyes and mouth until he fell to the ground. Both of them went into his pockets and took his money.

A Durham police investigator's testimony tended to corroborate Earl's testimony. He arrested and questioned defendant, who told him several different stories about who robbed Earl and denied that he was involved. After further questioning, defendant gave police a signed statement saying that he was with Michael Thompson and watched Thompson beat up and rob Earl.

Defendant argues only one assignment of error in his brief. Earl, the victim, was allowed to testify that Thompson, one of the robbers, said, "If you don't give me your money, June Bug [defendant] was going to hurt me." Defendant argues that the testimony was hearsay and, therefore, inadmissible. We disagree. The hearsay rule has no application because the utterance was offered without reference to the truth of the matter asserted. Wigmore, Evidence § 1766 (Chadbourn rev. 1976). The threat by defendant's confederate, made during their joint commission of the crime, was as competent against defendant as it would have been against the confederate. Where two or more persons are acting together in the commission of a crime, an act or declaration by one of them, made in furtherance of the commission of the offense, is admissible against the others.

*State v. Sanders*, 276 N.C. 598, 174 S.E. 2d 487 (1970), *death sentence vacated*, 403 U.S. 948, 91 S. Ct. 2290 (1971); *State v. Davis*, 177 N.C. 573, 98 S.E. 785 (1919). The declaration is but a part of the totality of the circumstances in this case.

No error.

Judges WELLS and BECTON concur.