STATE OF NORTH CAROLINA v. RONALD WEAVER, Defendant

No. COA02-931

(Filed 19 August 2003)

1. **Evidence— hearsay—codefendant's out-of-court statements—bribery of public officer—verbal acts—adoptive admissions**

The trial court did not err in a bribery of a public officer case by admitting testimony of the out-of-court statements of a codefendant offering the alleged bribe even though defendant contends the statements were hearsay, because: (1) to prove that a person has offered a bribe, the State must necessarily offer evidence that words amounting to a bribe were spoken; (2) the State offered the codefendant's statements to prove that he spoke

words that amounted to an offer of a bribe rather than for the truth of the matter asserted in those statements; (3) the codefendant's statements fall into the category of operative facts or verbal acts; and (4) as an alternative basis, the evidence was admissible as adoptive admissions since the State offered evidence that defendant participated in the conversation and affirmatively endorsed his codefendant's statements. N.C.G.S. § 8C-1, Rule 801.

**2. Evidence— prior crimes or bad acts—possession of drug paraphernalia—pendency of appeal**

The trial court did not err in a bribery of a public officer case by allowing the State to cross-examine defendant with respect to his district court conviction of possession of drug paraphernalia even though the conviction had been appealed to superior court, because N.C.G.S. § 8C-1, Rule 609 specifically states that pendency of an appeal from a conviction does not render evidence of the conviction inadmissible.

**3. Bribery— public officer—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss at the close of all evidence the charge of bribery of a public officer, because: (1) the evidence was sufficient to allow the jury to find that defendant and a codefendant together offered to share a portion of defendant's claimed settlement with a police officer if the officer would ignore the drugs that he had found when he searched the codefendant; and (2) the State offered evidence that defendant stated he was willing to pay whatever it takes and whatever the officer wants.

Appeal by defendant from judgment entered 13 February 2002 by Judge Larry G. Ford in Rowan County Superior Court. Heard in the Court of Appeals 14 May 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Melissa L. Trippe, for the State.*

*J. Stephen Gray, for defendant-appellant.*

GEER, Judge.

This appeal arises out of defendant Ronald Weaver's conviction for bribery of a public officer. Defendant contends primarily that the

STATE v. WEAVER

[160 N.C. App. 61 (2003)]

trial court erred (1) in admitting the out-of-court statements of his co-defendant offering the alleged bribe; and (2) in admitting into evidence a district court conviction for possession of drug paraphernalia that had been appealed to superior court. Because we find that the co-defendant's statements were not hearsay but rather verbal acts and because Rule 609 permits admission of the conviction, we find no error in defendant's trial.

## Facts

The State's evidence tended to show the following. On 26 July 2000, the Salisbury Police Department obtained a search warrant for Apartment 2 at 203 Pearl Street, Salisbury, North Carolina, the residence of James Edward Blakeney, who was suspected of selling drugs at that location. The search warrant also authorized the police to search Blakeney's vehicle and any people in the area surrounding Apartment 2.

The police "staked out" the area until Blakeney returned to his apartment. At 5:00 p.m., Blakeney's car pulled up with defendant Weaver driving and Blakeney in the front passenger seat. Pursuant to the search warrant, Detective Mike Dummett of the Salisbury Police Department searched Blakeney and found 65 "rocks of crack cocaine" and $600.00 in cash on his person.

Dummett escorted Blakeney inside and the officers began to search his apartment. At that point, Blakeney asked Dummett if they could speak in private. They stepped outside onto the apartment's porch. According to Dummett, defendant Weaver was standing only three to five feet away.

Dummett testified that Blakeney asked him "if there was anything that [Dummett] could do to just forget about the drugs that [he] had found." Dummett asked Blakeney what he meant by that. Blakeney responded "that his friend, Ronald Weaver was coming into four hundred thousand dollars from a military type of settlement and he would give [Dummett] some money, just for free, to drop the charges." Blakeney then turned to defendant and asked, "How much money are you willing to give him to make this go away?" Defendant replied: "It doesn't matter to me, whatever it takes."

Blakeney told Dummett that defendant loved him, would not let anything happen to him, and would use his settlement money to get Blakeney out of trouble. Blakeney then turned again to defendant and said, "Isn't that right?" Defendant replied, "That's right." Defendant

showed Dummett a power of attorney that he had just signed giving Blakeney control over defendant's assets.

Blakeney asked Dummett, "Don't you need a vacation or something?" Dummett responded that he was not interested in a bribe. Blakeney claimed that he was not offering a bribe, but instead it was "just a gift from one black man to another black man." He urged, "Come on brother, help me out." Blakeney again mentioned money, turned to defendant, and said, "We can do that, can't we?" Defendant responded: "Whatever he wants, we can do it." Dummett turned and returned to the apartment.

At trial, Blakeney did not testify. Defendant testified that on 26 July 2000, he was driving Blakeney's car because Blakeney had been drinking. He stated that they had gone to sign the power of attorney that he showed to Dummett so that Blakeney could help him obtain additional Veterans Administration benefits. Defendant denied bribing Dummett and denied hearing Blakeney say anything about money, trips, or a vacation.

On 13 February 2002, a jury found defendant guilty and he was sentenced to a minimum of 13 months and a maximum of 16 months. The sentence was suspended and defendant was placed on supervised probation for 24 months.

I

[1] In his first assignment of error, defendant argues that the trial court erred in admitting testimony of Blakeney's out-of-court statements. Defendant contends that these statements were inadmissible hearsay and that their admission therefore violated his constitutional rights to confrontation and effective assistance of counsel under Article 1, § 19 and § 23 of the Constitution of North Carolina and under the Sixth and Fourteenth Amendments to the United States Constitution. We disagree.

Defendant was convicted under N.C. Gen. Stat. § 14-218 (2001), which provides: "If any person shall offer a bribe, whether it be accepted or not, he shall be punished as a Class F felon." To prove that a person has offered a bribe, the State must necessarily offer evidence that words amounting to a bribe were spoken. The State offered Blakeney's statements not for the truth of the matter asserted in those statements, but rather to prove that Blakeney spoke words that amounted to an offer of a bribe. When offered for that purpose, the statements do not amount to hearsay. See State v. Kirkman, 293

N.C. 447, 455, 238 S.E.2d 456, 461 (1977) ("The Hearsay Rule does not preclude a witness from testifying as to a statement made by another person when the purpose of the evidence is not to show the truth of such statement but merely to show that the statement was, in fact, made."); *State v. Grier*, 51 N.C. App. 209, 214, 275 S.E.2d 560, 563 (1981) ("Notable examples of admissible non-hearsay include statements which are offered to prove only that the statement was actually made . . . ."); *State v. Cleveland*, 51 N.C. App. 159, 160, 275 S.E.2d 284, 285 (1981) (testimony by victim that, during a robbery, a robber stated that defendant, one of the other robbers, would hurt him if he did not turn over money was not hearsay).

Blakeney's statements fall into the category of "operative facts" or "verbal acts." N.C. Gen. Stat. § 8C-1, Rule 801 Commentary (2001) ("The effect is to exclude from hearsay the entire category of 'verbal acts' and 'verbal parts of an act,' in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights."). As 2 *Brandis & Brown on North Carolina Evidence* § 195 (5th ed.) notes, "[a] person's utterances may be admissible because they are operative facts in the case, as where they are words of . . . attempted bribery . . . ." *See also United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993) (testimony that witness was solicited to offer a bribe was offered to prove that solicitation was made and, therefore, was not hearsay); *United States v. Gonsiewski*, 277 F. Supp. 300, 303 (E.D. Pa. 1967) ("[T]he verbal offer of a bribe by [declarant] does not constitute hearsay evidence. Rather, it is in the nature of a 'verbal act' . . . .").

Alternatively, these statements were admissible under Rule 801(d)(B), which provides that a statement is admissible if offered against a party and it is "a statement of which he has manifested his adoption or belief in its truth." N.C. Gen. Stat. § 8C-1, Rule 801(d)(B) (2001). Adoptive admissions generally fall into one of two categories: (1) those adopted through an affirmative act of a party; and (2) those inferred from silence or a failure to respond in circumstances that call for a response. *State v. Sibley*, 140 N.C. App. 584, 588-89, 537 S.E.2d 835, 839 (2000). This case does not present a scenario in which defendant simply remained silent while Blakeney spoke. Instead, the State offered evidence that defendant participated in the conversation and affirmatively endorsed Blakeney's statements.

When Blakeney asked defendant what he would be willing to pay to help Blakeney with the drug charges, he responded, "[W]hatever it

takes." After Blakeney assured Dummett that defendant would do whatever necessary to get Blakeney out of trouble, defendant confirmed, "That's right." Finally, after Blakeney again mentioned money and asked defendant, "We can do that, can't we?" he responded, "Whatever he wants, we can do it." In short, after each of Blakeney's statements, defendant asserted his agreement.

Blakeney's statements were admissible as either non-hearsay verbal acts or as adoptive admissions. Because the statements either were not hearsay or fell within a well-recognized exception to the rule barring hearsay evidence, the admission of the statements did not violate defendant's constitutional rights. *State v. Workman*, 344 N.C. 482, 503, 476 S.E.2d 301, 312 (1996). This assignment of error is overruled.

## II

**[2]** In his second assignment of error, defendant argues that the trial court erred in allowing the State to cross-examine defendant with respect to his district court conviction of possession of drug paraphernalia. Defendant argues only that the conviction was inadmissible because it had been appealed to superior court. The plain language of Rule 609 of the North Carolina Rules of Evidence, N.C. Gen. Stat. § 8C-1, Rule 609 (2001), provides otherwise.

Rule 609(e) specifically states that "[t]he pendency of an appeal therefrom does not render evidence of a conviction inadmissible. Evidence of the pendency of an appeal is admissible." Defendant cites no authority suggesting that Rule 609(e)'s reference to "an appeal" excludes appeals from district court to superior court and we have found none. This assignment of error is overruled.

## III

**[3]** In his final assignment of error, defendant argues that the trial court erred by denying the appellant's motion to dismiss at the close of all the evidence. "In reviewing a motion to dismiss, 'the trial court is to determine whether there is substantial evidence (a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense.' " *State v. Stancil*, 146 N.C. App. 234, 244, 552 S.E.2d 212, 218 (2001) (quoting *State v. Earnhardt*, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982)), *aff'd as modified*, 355 N.C. 266, 559 S.E.2d 788 (2002). " 'Substantial evidence is such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion.' " *State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001) (quoting *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984)). When reviewing a defendant's challenge to the sufficiency of the evidence, the evidence must be viewed in the light most favorable to the State, with the State receiving the benefit of all reasonable inferences to be drawn from the evidence. *State v. Compton*, 90 N.C. App. 101, 103-04, 367 S.E.2d 353, 355 (1988).

The elements of bribery of a public officer include (1) the offer of something of value, (2) to a person known to be a public official, and (3) with the corrupt intent to influence the official's actions in the performance of a legal duty. *See* N.C. Gen. Stat. § 14-218; *State v. Hair*, 114 N.C. App. 464, 467, 442 S.E.2d 163, 164 (1994) (quoting *State v. Greer*, 238 N.C. 325, 328, 77 S.E.2d 917, 920 (1953)) (emphasis original) (defining bribery as " 'the voluntary offering [or] giving . . . of any sum of money, present, or thing of value with the corrupt intent to influence the recipient's action as a public officer . . . in the performance of any *official duty* required of him.' ").

Here, the State's evidence was sufficient to allow the jury to find that Blakeney and defendant together offered to share a portion of defendant's claimed $400,000.00 settlement with Dummett if Dummett would ignore the drugs that he had found when he searched Blakeney. Defendant's argument on appeal that there was no evidence that defendant offered money to Dummett overlooks the State's evidence that defendant said he was willing to pay "whatever it takes" and "[w]hatever he wants, we can do it." This evidence was sufficient to allow the jury to convict defendant of bribery of a public officer.

No error.

Judges MARTIN and HUNTER concur.