An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1411

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

STATE OF NORTH CAROLINA

v.

VINCENT JOHN HALL

Robeson County
Nos. 10 CRS 50185-86

Appeal by defendant from judgments entered 18 July 2013 by Judge Gale M. Adams in Robeson County Superior Court. Heard in the Court of Appeals 4 August 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Christina S. Hayes, for the State.*
>
> *Anna S. Lucas for defendant-appellant.*

ERVIN, Judge.

On 25 June 2010, Judge William J. Moore found Defendant Vincent John Hall guilty in the Robeson County District Court of assault on a government official, assault with a deadly weapon, communicating threats, and resisting a public officer and entered a judgment sentencing him to a term of 150 days imprisonment. Defendant noted an appeal to the Robeson County Superior Court for a trial *de novo*. The charges against

Defendant came on for trial before the trial court and a jury at the 15 July 2013 criminal session of the Robeson County Superior Court. On 18 July 2013, the jury returned verdicts finding Defendant guilty of assault on a governmental official, communicating threats, and resisting a public officer and acquitting Defendant of assault with a deadly weapon. At the conclusion of the ensuing sentencing hearing, the trial court entered judgments sentencing Defendant to a term of 150 days imprisonment based upon his conviction for assault upon a governmental official and to a consecutive term of 31 days imprisonment based upon his consolidated convictions for communicating threats and resisting a public officer. Defendant noted an appeal to this Court from the trial court's judgments.

According to the brief that she filed on behalf of her client, Defendant's appellate counsel has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and has, for that reason, requested this Court to conduct its own review of the record for the purpose of identifying any possible prejudicial error. As a part of that process, Defendant's appellate counsel has shown to the satisfaction of this Court that she has complied with the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99,

331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary to permit him to do so. Although Defendant's appellate counsel has directed our attention to a potential issue on appeal arising from the fact that the prosecutor impeached Defendant using criminal convictions that were on appeal at the time of trial, she acknowledges that the use of such convictions for impeachment-related purposes is permissible. *State v. Weaver*, 160 N.C. App. 61, 66, 584 S.E.2d 345, 348 (2003). Defendant has not filed any written arguments on his own behalf with this Court and a reasonable time in which he might have done so has passed. In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit exist, have found no issue of arguable merit, and conclude that Defendant's appeal is wholly frivolous. As a result, the trial court's judgments should be, and hereby are, allowed to remain undisturbed.

NO ERROR.

Judges Robert C. HUNTER and STEPHENS concur.

Report per Rule 30(e).