JOHNNY CALVIN SHEW AND JUNIOR BROTHERTON v. SOUTHERN FIRE & CASUALTY COMPANY AND IREDELL COUNTY

No. 543A82

(Filed 11 January 1983)

**Insurance § 105— insured hitting police car after high speed chase—duty of insured to reimburse county as condition of suspended sentence—insurance company's refusal to reimburse—summary judgment for insurance company proper**

> In an action arising from an insured's collision with a police automobile after a high speed chase wherein the insured pleaded guilty to driving 130 miles per hour in a 55 miles per hour zone to elude an officer and where the insured was given a suspended sentence on the condition, among other things, that he reimburse the county for damages to its automobile, and where the insurance company refused to reimburse the insured for damages paid by the insured to the county, the trial judge properly entered summary judgment for the insurer since an insurer has no legal obligation to defend a *criminal* proceeding brought against an insured arising out of the operation of an automobile causing injury or damages, and since, as a matter of law, defendant company was under no legal obligation to its insured to pay restitution assessed as a result of a criminal judgment.

DEFENDANT, Southern Fire & Casualty Company (hereinafter defendant Company), appeals from a decision of the Court of Appeals, one judge dissenting, which reversed a decision rendered by *Collier, J.,* entered 8 July 1981 in Superior Court, IREDELL County, granting summary judgment in favor of defendant Company.

On 7 May 1978, the plaintiff Junior Brotherton owned a 1978 Dodge automobile which was covered by a policy of liability insurance pursuant to Article 9A, Chapter 20 of the North Carolina General Statutes (the Motor Vehicle Safety and Financial Responsibility Act of 1953).

The insurance contract provided *inter alia* that the defendant Company would pay "on behalf of the insured all sums which the

insured shall become legally obligated to pay because of . . . property damage to which this insurance applies, caused by an occurrence and arising out of garage operations, including only the automobile hazard for which insurance is afforded . . . ."[1] The insurance policy further provided that persons insured with respect to the automobile hazard included "any person while using, with permission of the named insured, any automobile to which the insurance applies under the automobile hazard, provided his actual operation . . . is within the scope of such permission . . . . "

On 7 May 1978 Plaintiff Johnny Calvin Shew, Brotherton's stepson and a member of his household, was operating the 1978 Dodge automobile covered by defendant Company's policy of insurance. Shew was operating the vehicle with the permission of his stepfather and therefore was an "insured" under the policy. Shew was seventeen years old at the time and had been drinking beer. Shew failed to stop for a member of the Iredell County Sheriff's Department. A high speed chase ensued, and Shew eventually crashed into a roadblock of cars from the Sheriff's Department.

As a result of this incident, Shew pled guilty to charges of: driving 130 miles per hour in a 55 mile per hour zone while attempting to elude apprehension; misdemeanor assault with a deadly weapon (an automobile); and injury to personal property (two Iredell County vehicles). By judgment entered 17 August 1978, Shew received a two year probationary sentence, one condition of which was that he

> reimburse the county for property which was damaged or lost due to this offense in the amount of _____. This restitution shall be an addition to what insurance coverage fails to pay as a result of liability damages or if insurance refuses to pay such damages. In the event that restitution is made by this individual for the loss of this vehicle, two (2) estimates are to be given to the Probation Officer subject to approval

---

1. Plaintiff Brotherton conducted garage operations. Included in the garage insurance coverage is "Automobile Hazard 1," defined as: "(2) the occasional use for other business purposes and the use for non-business purposes of any automobile owned by or in charge of the named insured and used principally in garage operations, and (3) the ownership, maintenance or use of any automobile owned by the named insured while furnished for the use of any person."

by the Court for payment by this individual under his direction. All bills, either covered or otherwise by insurance are to be filed with the Probation Officer to demonstrate compliance with this restitution.

By complaint filed 9 July 1980, and amended complaint filed 25 February 1981, plaintiffs alleged that *as part of the criminal judgment* against Shew, he was ordered to pay the sum of $5,748.00 to Iredell County for property damages; that he had paid and was continuing to pay the sum of $275.00 per month toward the satisfaction of the judgment; that under the terms of the insurance contract, plaintiffs had made demand upon the defendant Company to pay the damages to the Iredell County Sheriff's Department, which damages the defendant Company had willfully refused to pay; and that the defendant Company was liable to indemnify the plaintiffs under the policy of liability insurance. In their prayer for relief, plaintiffs asked that the defendant Company be required to pay the amount of unpaid damages to Iredell County and to reimburse the plaintiffs for the amount already paid.

Defendant Company moved for summary judgment on 25 June 1981, by which time Shew's obligation to Iredell County had been fully satisfied. The trial court granted defendant's motion for summary judgment by order filed 13 July 1981. Plaintiffs appealed.

In an opinion reported at 58 N.C. App. 637, 294 S.E. 2d 233 (1982), a divided panel of the Court of Appeals reversed the order of the trial court and the defendant Company appealed to this Court.

*Edwin G. Farthing, attorney for defendant-appellant.*

*Hall and Brooks, by John E. Hall and William F. Brooks, for plaintiff-appellee.*

MEYER, Justice.

The sole issue before us is whether the defendant, Southern Fire & Casualty Company, is legally obligated under a contract of insurance to reimburse the plaintiffs for monies paid in restitution assessed as a result of a criminal judgment against the plaintiff Shew. We hold that it is not.

The Court of Appeals, in reversing the trial court's order granting summary judgment for the defendant Company, reasoned as follows:

> Without question, had Iredell County chosen to sue Shew and Brotherton . . . among other necessary matters, Southern Fire & Casualty Company would have assumed its responsibility to defend the suit and would have paid any judgment rendered against Shew and Brotherton. Here, plaintiffs simply elected to pay damages to Iredell County when Southern Fire & Casualty Company elected not to do so and to sue for reimbursement. For practical purposes, plaintiffs stand in the shoes of Iredell County prior to recovery of the damages with the same rights and subject to the same defenses. Under these circumstances, the purpose of liability insurance, to protect those damaged by the negligent operation of an automobile, is fulfilled by allowing coverage under the policy. *See Harrelson v. State Farm Mutual Automobile Insurance Co.*, 272 N.C. 603, 158 S.E. 2d 812 (1968); *see also* G.S. 20-309 to -319.

58 N.C. App. at 642, 294 S.E. 2d at 236.

As Judge Becton pointed out in his dissenting opinion:

> The majority's resolution of this appeal overshadows several practical problems. First, the insurance company is not a party to the criminal action and, even if it knew about the criminal action, it could not participate. Second, although the burden of proof is more onerous in criminal cases than in civil cases (and that was not a factor here, since Shew pleaded guilty), there is usually no defense (or not as vigorous a defense) on the issue of damages at criminal trials since the criminal defendant is naturally more concerned about guilt or innocence. Third, restitution is completely within the discretion of the trial court. Defendant may be correct when it argues: "If criminal restitution is covered by insurance, . . . a Homeowner's Liability Insurance Policy could be called upon to pay restitution when an insured homeowner intentionally and criminally shoots someone on his property and restitution is provided for the victim or the victim's family." Fourth, although contributory negligence on the part of the Sheriff's Department could be raised in Shew's lawsuit

against the insurance company, the insurance company's suggestion which follows, that the Sheriff's Department was not acting reasonably and prudently, graphically shows why the resolution of the contributory negligence issue should be made in a civil trial *prior* to any judgment of restitution in a criminal action.

58 N.C. App. at 644, 294 S.E. 2d at 237.

Putting aside the practical problems alluded to by Judge Becton, we must first emphasize that at no time has plaintiffs' *civil liability* to Iredell County been addressed. We cannot, nor should we now attempt to, predict the results of a civil action brought by the County for damages it suffered as a result of plaintiff Shew's intentional acts. Rather, this is an action brought by an insured for recovery of monies paid as a result of a criminal judgment and an order to pay restitution *as a condition of probation.*

G.S. § 15A-1343(b)(6) permits the court, as a condition of probation, to require a defendant to "[m]ake restitution or reparation for loss or injury resulting from the crime for which the defendant is convicted." Reimbursement to Iredell County for the property damaged by Shew was in the nature of reparation — payment for the restoration to good condition of persons or property so injured. *See* Annot., Probation — Reparation to Injured Victim, 79 A.L.R. 3d 976 (1977). The amount determined must be limited to that supported by the evidence. G.S. § 15A-1343(b)(6). It may, but does not necessarily represent the amount of damages that might be recoverable as a result of a civil action. *See* Annot., 79 A.L.R. 3d 976.

We do not agree with the plaintiffs' position, as adopted by the Court of Appeals, that the sum of $5,748.00 paid to Iredell County in restitution as a condition of probation in order to escape an active jail sentence can properly be viewed as somehow analogous to damages incident to a civil judgment. The "duty to pay reparations does not affect, and is not affected by, the victim's right to institute a civil action for damages against the defendant based on the same conduct, although, if the victim recovers, a setoff might be ordered for the money already received by the victim under the condition of probation." 79 A.L.R. 2d at 992, citing to *People v. Stacy,* 64 Ill. App. 2d 157, 212 N.E. 2d 286 (1965). Although we do not address the question here,

Judge Collier's order contemplates at least the possibility that civil liability could be imposed. Restitution should not be used as a substitute for determination in the proper forum of a defendant's civil liability:

> Criminal and civil liability are not synonymous. A criminal conviction does not necessarily establish the existence of civil liability. Civil liability need not be established as a prerequisite to the requirement of restitution as a probation condition . . . .

*People v. Heil,* 79 Mich. App. 739, 748, 262 N.W. 2d 895, 900 (1977). *See People v. Pettit,* 88 Mich. App. 203, 276 N.W. 2d 878 (1979). In fact, this Court has drawn a distinction between restitution as a condition of probation, and damages, which might possibly be assessed as the result of a civil action, by stating in *State v. Simmington,* 235 N.C. 612, 614, 70 S.E. 2d 842, 844 (1952): "While the court was without jurisdiction to compel defendant to pay the damages inflicted on penalty of imprisonment, this does not mean that it might not suspend the execution of the sentence of imprisonment on condition the defendant compensate those whom he had injured." There is, however, authority to support, as a condition of probation, a requirement that defendant have the financial ability to pay a judgment rendered against him in a civil action for damages. *People v. Marks,* 340 Mich. 495, 65 N.W. 2d 698 (1954); *People v. D'Elia,* 73 Cal. App. 2d 764, 167 P. 2d 253 (1946). Furthermore, in *Flores v. State,* 513 S.W. 2d 66 (Tex. Crim. 1974), the court affirmed a judgment which placed defendant on probation on condition that he pay restitution to an insurance company as reimbursement for medical expenses paid to the victim of the crime.

Having recognized the crucial distinction between an insurance company's obligation to pay damages pursuant to a civil judgment, as opposed to restitution ordered as a condition of a criminal probationary judgment, we reach the threshhold question: whether the defendant Company is legally obligated under the terms of the insurance contract to pay (or reimburse plaintiff for his payment of) restitution assessed as a result of the criminal probationary judgment against Shew.

Unlike a judgment in a civil action, here Shew was not "legally obligated" to make restitution. It was clearly a condition of his

probation which he voluntarily undertook in order to avoid imposition of an active sentence. As we stated in *State v. Simmington*, 235 N.C. 612, 614, 70 S.E. 2d 842, 844, "[s]uch disposition of the case merely gave him the option to serve his sentence or accept the conditions imposed . . . . If he was not content, he had the right either to reject the conditions or to appeal."

As an insurer has no legal obligation to defend a *criminal* proceeding brought against an insured arising out of the operation of an automobile causing injury or damages, *see* 6C J. Appleman, Insurance Law and Practice § 4431 (Buckley ed. 1979), so no obligation arises from the disposition of the criminal proceeding. Moreover, it is a basic proposition of public policy, requiring no citation of supporting authority, that an insured is not allowed to profit from his own wrongdoing. To require the defendant Company to reimburse plaintiffs for the amount ordered as restitution or to hold that the defendant Company was legally obligated to pay the amount to Iredell County would be tantamount to condoning insurance against the results and penalties of one's own criminal acts. This is against public policy. *See* 1 Couch on Insurance 2d § 1:36 (2d ed. 1959); *see also* 7 Blashfield Automobile Law and Practice § 291.1 (3d ed. 1966).

As a matter of law, defendant Company is under no legal obligation to its insured to pay restitution assessed as a result of a criminal judgment. We therefore hold that the trial judge properly granted summary judgment in favor of the defendant Company.

The decision of the Court of Appeals is reversed and the judgment of the trial court granting summary judgment in favor of the defendant Company is reinstated.

Reversed and remanded.