STATE OF NORTH CAROLINA v. ROBIN STACY SMITH

No. 8914SC1091

(Filed 19 June 1990)

1. **Criminal Law § 1502 (NCI4th)— restitution—condition of probation—limitations of civil remedy inapplicable in criminal prosecution**

    By tying the amount of restitution which may be imposed as a condition of probation to such compensation as could ordinarily be recovered in a civil action, the General Assembly meant only that the trial court must refer to the measure of recoverable damages applying in the relevant civil action— in this case the measure of damages in a wrongful death action—for the limited purpose of computing an appropriate restitutionary amount to be imposed as a condition of probation under N.C.G.S. § 15A-1343(d), and the statute of limitations of the civil remedy is not applicable.

    **Am Jur 2d, Criminal Law §§ 572, 574, 575.**

2. **Criminal Law § 1502 (NCI4th)— restitution as condition of probation—constitutional rights not violated**

    The requirement that a defendant pay restitution as a condition of probation does not violate a defendant's equal

protection rights under the North Carolina and U. S. Constitutions. N.C.G.S. § 15A-1343(d).

**Am Jur 2d, Criminal Law §§ 572, 574, 575.**

APPEAL by defendant from order entered 19 May 1989 in DURHAM County Superior Court by *Judge Anthony Brannon.* Heard in the Court of Appeals 30 May 1990.

Defendant was charged with misdemeanor death by vehicle in violation of G.S. § 20-141.4(a2) arising out of the April 1985 collision of an automobile operated by defendant with a motorcycle operated by the decedent. Defendant was convicted in the district court. She appealed to the superior court. The jury found defendant guilty as charged, and the trial court sentenced her to a term of two years' imprisonment, suspended, with five years' supervised probation. As a condition of her probation, defendant was required to pay restitution in the amount of $500,000.00 to the decedent's parents. Defendant appealed to this Court. By opinion reported at 90 N.C. App. 161, 368 S.E.2d 33 (1988), *aff'd,* 323 N.C. 703, 374 S.E.2d 866, *cert. denied,* --- U.S. ---, 109 S.Ct. 2453 (1989), we found no error in the trial, but vacated that portion of the judgment requiring defendant to pay restitution in the amount of $500,000.00 as a condition of probation on grounds, *inter alia,* that it was not supported by the evidence, and remanded the case to the trial court to determine an appropriate amount of restitution. Pursuant to the resentencing hearing, Judge Brannon entered his order requiring defendant, as a condition of probation, to make restitution in the amount of $4,500.00 to the decedent's mother, contingent upon defendant's completion of her G.E.D. degree, her further completion of a nursing program at Durham Technical Institute or similar institution, and her entry upon gainful employment. From this order defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Linda Anne Morris, for the State.*

*Berman & Shangler, by Dean A. Shangler, for defendant-appellant.*

WELLS, Judge.

Defendant advances two arguments challenging the trial court's imposition as a condition of probation that defendant make restitu-

tion in the amount of $4,500.00 to the decedent's mother. Defendant first contends that the trial court erred by failing to give effect to the two-year statute of limitations pertaining to wrongful death actions in its application of the wrongful death act in the resentencing of defendant. Defendant also contends that the order of restitution violated her rights to equal protection under the fourteenth amendment to the United States Constitution and Article I § 19 of the North Carolina Constitution. We determine defendant's arguments to be without merit, and therefore we affirm the order entered below.

The authority of the trial court to impose restitution as a condition of probation is set forth in G.S. § 15A-1343(d). The provisions of that statute which were in effect at the time of defendant's conviction defined restitution, in pertinent part, as "compensation for damage or loss as could ordinarily be recovered by an aggrieved party in a civil action." In our opinion filed in the prior appeal of this case, we determined that the trial court properly referred to the wrongful death statute at G.S. § 28A-18-2 to compute the amount of restitution, but erred in its application of that statute.

[1] Defendant now contends that the language of G.S. § 15A-1343(d) and our opinion in the prior appeal of this case require, not just a showing of damages sufficient to support an award of compensation under the wrongful death act, but proceedings that are timely brought under G.S. § 1-53(4), the two-year statute of limitations applicable to the wrongful death act. Defendant insists that because the resentencing hearing in this case was held over two years after the victim's death, the trial court could not impose a restitutionary condition of parole predicated on a wrongful death measure of damages, and the trial court's refusal to apply the two-year statute of limitations in these resentencing proceedings, coupled with the failure of the victim's survivors to timely bring a civil wrongful death action, abrogates her vested right not to be sued or legally obligated to pay damages for the wrongful death of the victim. We disagree.

Defendant's argument plainly rests upon the premise that a monetary amount, determined to be appropriate restitution and imposed as a condition of probation in accordance with the provisions of G.S. § 15A-1343, is the legal equivalent of an award of damages in a civil judgment pursuant to a determination of civil liability. This is simply not the case. Restitution, imposed as a

condition of probation, is not a legal obligation equivalent to a civil judgment, but rather an option which may be voluntarily exercised by the defendant for the purpose of avoiding the serving of an active sentence. *Shew v. Southern Fire & Casualty Co.*, 307 N.C. 438, 298 S.E.2d 380 (1983). Such an imposition of restitution "does not affect, *and is not affected by*, the victim's right to institute a civil action against the defendant based on the same conduct[.]" *Id.* (Citations omitted and emphasis added.) "Civil liability need not be established as a prerequisite to the requirement of restitution as a probation condition." *Id.* (Citations omitted.)

G.S. § 15A-1343(d) clearly details the criteria which the trial court must apply to arrive at an appropriate amount of restitution. For example, the basis of the restitutionary amount must be "the damage or loss caused by the defendant arising out of the offense or offenses committed by the defendant"; the trial court "shall take into consideration the resources of the defendant"; the restitutionary amount "must be limited to that supported by the record"; when the damage or loss caused by a defendant's offense or offenses appears to be greater than that which the defendant is able to pay, "the court may order partial restitution." Additionally, G.S. § 15A-1343(d) further provides that "[a]n order providing for restitution . . . shall in no way abridge the right of any aggrieved party to bring a civil action against the defendant for money damages arising out of the offense or offenses committed by the defendant."

By defining restitution as "compensation for damage or loss as could ordinarily be recovered by an aggrieved party in a civil action," the Legislature plainly did not intend that G.S. § 15A-1343(d) import wholesale each and every condition precedent to recovery in a civil action as bearing on the trial court's requiring appropriate restitution as a condition of probation. Such a requirement would eviscerate the explicit purpose of the statute that restitution, imposed as a condition of probation, be an ancillary, rehabilitative alternative to the serving of an active sentence.

We cannot believe that the Legislature intended this result when it enacted G.S. § 15A-1343(d). Instead, we are persuaded that by tying the amount which may be imposed as restitution to such compensation as could ordinarily be recovered in a civil action, the General Assembly meant only that the trial court must refer to the *measure* of recoverable damages applying in the relevant civil action—such as the measure of damages in a wrongful

death action—for the limited purpose of computing an appropriate restitutionary amount to be imposed as a condition of probation under G.S. § 15A-1343(d). This was implicitly recognized by this Court in our prior opinion in this case. *See State v. Smith*, 90 N.C. App. at 167-69, 368 S.E.2d at 38-39. We therefore hold that, in the context of sentencing proceedings under G.S. § 15A-1343(d), the two-year statute of limitations at G.S. § 1-53(4) pertaining to actions instituted under the wrongful death act is not applicable. Consequently, we conclude that the trial court did not err in refusing to apply that statute of limitations to preclude the imposition of restitution as a condition of probation in this case.

[2]  We next address defendant's contention that the order of restitution violated her equal protection rights under both the United States and North Carolina Constitutions. As we noted above, the order of restitution in this case was entered pursuant to G.S. § 15A-1343(d). This Court has previously held, albeit in a somewhat different factual context, that the language of G.S. § 15A-1343(d) passed constitutional muster under both the fourteenth amendment to the United States Constitution and Article I § 19 of the North Carolina Constitution. *State v. Stanley*, 79 N.C. App. 379, 339 S.E.2d 668 (1986). The fundamental reasoning in *Stanley* applies with equal force to the facts of this case. We therefore reject defendant's argument.

For the reasons stated, the trial court's order imposing restitution as a condition of defendant's probation must be and is

Affirmed.

Judges PARKER and DUNCAN concur.