STATE OF NORTH CAROLINA v. JOHN STACEY HAIR

No. 9312SC786

(Filed 19 April 1994)

**1. Bribery § 3 (NCI4th)— bribery of ABC officer—authority to arrest for driving while impaired—corrupt intent—evidence sufficient**

There was sufficient evidence of bribery of a public officer where the State presented evidence that defendant offered an ABC enforcement officer $20 to arrest an individual for driving while impaired because the individual owed him a gambling debt. Although defendant contends that the official duties of ABC enforcement officers do not include arresting or stopping persons for driving while impaired, official duties include any actions authorized and there was evidence in the record that officers had the authority to arrest for driving while impaired. There was substantial evidence of corrupt intent in that defendant's intent in offering the bribe was to use the officer's authority for defendant's personal gain. N.C.G.S. § 14-218.

**Am Jur 2d, Bribery §§ 12 et seq.**

**2. Criminal Law § 1430 (NCI4th)— bribery of public official— payment of gambling debt—restitution—repayment of gambling debt**

A portion of a judgment requiring a bribery defendant to pay in restitution the amount of a gambling debt which had been paid to him was vacated because the amount could not have been recovered in a civil suit. Gambling debts incurred in North Carolina are not enforceable in the courts of the state and there is no statute which allows one who pays a gambling debt to recover what he has paid. N.C.G.S. § 15A-1343(d).

**Am Jur 2d, Criminal Law §§ 588 et seq.**

Appeal by defendant from judgment entered 19 February 1993 in Cumberland County Superior Court by Judge Wiley F. Bowen. Heard in the Court of Appeals 9 March 1994.

STATE v. HAIR

[114 N.C. App. 464 (1994)]

*Michael F. Easley, Attorney General, by David F. Hoke, Assistant Attorney General, for the State.*

*Harris, Mitchell & Hancox, by Ronnie M. Mitchell and G. Robert Hicks III, and Doran J. Berry, by Doran J. Berry, for defendant-appellant.*

GREENE, Judge.

John Stacey Hair (defendant) appeals from judgment entered upon a jury verdict finding him guilty of offering a bribe to an official in violation of N.C. Gen. Stat. § 14-218.

At trial, the State presented evidence that on 18 June 1992, while in the office of Michael Tolbert (Tolbert), the chief law enforcement officer for the Cumberland County Alcohol Beverage Control Board (the ABC Board), defendant told Tolbert that he had a friend [Lacy Leroy Cashwell (Cashwell)] who owed him a $140 gambling debt and that if Tolbert "would arrange to arrest this individual and put some pressure on this individual to pay [the debt], that he [defendant] would pay [Tolbert] or either one of [his] officers $20." Tolbert, after reporting this conversation to his supervisor, on 14 August 1992 again met defendant and on this occasion, recorded the conversation on a concealed tape recorder.

A transcript of the recorded conversation was admitted into evidence and included the following exchange:

Tolbert:  . . . You said it was a $20 reward or a $30 reward.

Hair:     $20.

Tolbert:  $20.

Hair:     Yeah.

. . . .

Hair:     Here [handing Tolbert a $20 bill].

. . . .

Hair:     This is, this is for Cashwell.

Tolbert:  Oh, this is for Cashwell.

Hair:     Yeah.

. . . .

Tolbert: . . . I will tell him [Officer Corbett, who worked for Tolbert] when I see him that I, uh, I will tell him that I've got his $20 bill, but when he earns it, I will give it to him.

Hair: Alright [sic].

Tolbert: Well, do you want him to arrest him, or just harass him[?]

Hair: Just, just, no he is being, no I don't want him arrested right now, as long as he is paying, if he pays the thing off, that's all I'm concerned with. Paying me was not the big thing. Not letting him get by with it was the big thing.

On 17 and 18 August 1992, defendant visited the office of Richard Sams (Sams), a Federal Bureau of Investigation agent. Sams testified that defendant told him that he had asked Tolbert if Tolbert could get Cashwell stopped or arrested for driving while impaired and that if he could, defendant would give Tolbert $20.

Tolbert testified that his duties are to "see that the laws and regulations relating to alcohol and controlled substances are enforced." He stated that he did not have a "specific duty relating to [driving while impaired] offenses" but that he had "authority" to arrest for any criminal offense that occurred within his jurisdiction.

On 10 December 1992, Cashwell paid the gambling debt in full.

At the close of the State's evidence, defendant's motion to dismiss was denied. Defendant renewed this motion at the close of all the evidence and it was again denied.

Defendant received a suspended two year sentence, a $1,000 fine, and was ordered to pay restitution of $140 to Cashwell.

---

The issues presented are whether (I) the offer of money to an ABC enforcement officer with the request that the officer arrest or stop a person for driving while impaired is a bribe within the meaning of N.C.G.S. § 14-218 (1993); and (II) restitution as a condition of a criminal judgment can include the requirement that defendant return, to the loser, money paid on a gambling debt.

## I

[1]   The North Carolina statute making it a felony to offer a bribe, N.C. Gen. Stat. § 14-218, "neither defines bribery, nor sets forth its essential elements." *State v. Greer*, 238 N.C. 325, 328, 77 S.E.2d 917, 919 (1953). Our Supreme Court has defined bribery in general terms as

> the voluntary offering [or] giving . . . of any sum of money, present or thing of value with the corrupt intent to influence the recipient's action as a public officer or official, or a person whose ordinary profession or business relates to the administration of public affairs, . . . in the performance of any *official duty* required of him. The bribe must be intended, however, to influence the recipient in the discharge of a legal duty, and not a mere moral duty.

*Id.* at 328, 77 S.E.2d at 920 (emphasis added).

Defendant contends the evidence in this case is insufficient in two respects. First, that the official duties of Tolbert and the other ABC enforcement officers do not include arresting or stopping persons for driving while impaired. Second, that defendant had no corrupt intent.

### Official Duty

The evidence in this record is that the Cumberland County ABC enforcement officers had the "authority" to arrest for driving while impaired. There is no evidence that they had a specific duty to do so. This evidence is consistent with the statute which provides that a local ABC officer "may arrest . . . for any criminal offense; however, the primary responsibility . . . is enforcement of the ABC [and controlled substance] laws." N.C.G.S. § 18B-501(b) (1989).

Defendant contends that the offer of money to a public official with intent to influence that official in the performance of some act which the official is authorized to perform, but not obligated to perform, cannot be bribery. We disagree. We do not construe the term "official duty," as used in *Greer* as having reference only to those duties the official is obligated to perform. Official duties include any actions authorized. "Sufficient it is if he has official power, ability or apparent ability to bring about or contribute to the desired end." *State v. Stanley*, 19 N.C. App. 684, 688, 200 S.E.2d 223, 225 (1973), *cert. denied*, 284 N.C. 622, 201

S.E.2d 692 (1982) (quoting *State v. Begyn*, 167 A.2d 161, 167 (N.J. 1961) ); *see* 4 Charles E. Torcia, *Wharton's Criminal Law* § 687 (14th ed. 1981) (only necessary that act fall within the general duties of the official); 11 C.J.S. *Bribery* § 2, at 846-47 (1938).

### Corrupt Intent

Defendant argues that corrupt intent "implies an effort to obstruct lawful performance of an act" and because he did not seek "an illegal arrest or any improper detention" there was no corrupt intent. We disagree. A corrupt intent means "a wrongful design to acquire some pecuniary profit or other advantage." 1 William L. Burdick, *Law of Crime* § 292, at 434-35 (1946). The offeror of a bribe to a public official therefore possesses a corrupt intent if his purpose in offering the bribe is to gain some advantage for himself, without regard to whether he seeks the performance or the nonperformance of an official duty. *See* N.C.G.S. § 14-217 (bribery for official to receive anything of value "for performing or omitting to perform any official act").

In this case, there is substantial evidence that defendant's intent in offering the bribe to Tolbert was to use Tolbert's authority, which was apparent to defendant, as an ABC officer for his own personal gain, i.e., the harassment of Cashwell into paying off a gambling debt. *See State v. Shipman*, 202 N.C. 518, 540, 163 S.E. 657, 669 (1932).

In summary, the State offered substantial evidence of each element of the crime of bribery, and therefore, the trial court did not err in denying defendant's motion to dismiss. *See State v. McCoy*, 303 N.C. 1, 24, 277 S.E.2d 515, 532 (1981) (substantial evidence required to withstand motion to dismiss).

II

[2] As a condition of probation, a court may order a defendant to "make restitution or reparation to an aggrieved party or parties . . . for the damages or loss caused by the defendant arising out of the offense or offenses committed by the defendant." N.C.G.S. § 15A-1343(d) (Supp. 1993). "Restitution" is defined as "compensation for damage or loss as could ordinarily be recovered by an aggrieved party in a civil suit," *id.*, although "civil liability need not be established as a prerequisite to the requirement of restitution as a probation condition." *State v. Smith*, 99 N.C. App. 184,

STATE v. HAIR

[114 N.C. App. 464 (1994)]

187, 392 S.E.2d 625, 626 (1990) (quoting *Shew v. Southern Fire & Casualty Co.*, 307 N.C. 438, 298 S.E.2d 380 (1983)).

Gambling debts incurred in North Carolina are not enforceable in the courts of this state. *MGM Desert Inn, Inc. v. Holz*, 104 N.C. App. 717, 718, 411 S.E.2d 399, 400 (1991), *disc. rev. denied*, 331 N.C. 384, 417 S.E.2d 790 (1992). Furthermore, one who pays a gambling debt owed to another, may not subsequently attempt to recover that which he has paid. *See Teague v. Perry*, 64 N.C. 39, 41-42 (1870); *Warden v. Plummer*, 49 N.C. 524, 526 (1857).

> Independent of statute, the rule is that there is no remedy for the loser where money or property is delivered in payment of or on account of a gambling contract or transaction, since the law will not lend its aid to a party in either the execution or the rescission of such a contract, the maxim, "ex turpi causa non oritur actio," applying, and the loser being regarded as in pari delicto with the winner in such cases.

38 Am. Jur. 2d *Gambling* § 212, at 259 (1968). There is no statute in North Carolina which allows one who pays a gambling debt to recover what he has paid. Accordingly, Cashwell could not recover the $140 he paid defendant from defendant in a civil suit. As such, that portion of the trial court's judgment requiring defendant to pay $140 restitution to Cashwell must be vacated.

We have reviewed and overrule the other assignments of error made by defendant.

Trial: No error.

Judgment: Vacated in part.

Judges JOHNSON and JOHN concur.