MARSHALL SPIEGEL, Plaintiff-Appellant, v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.

First District (5th Division) No. 1—94—3753

Opinion filed December 29, 1995.

T. O'BRIEN, J., specially concurring.

Leng, Stowell, Friedman & Vernon, of Chicago (Richard C. Leng, of counsel), for appellant.

Rooks, Pitts & Poust, of Chicago (Stephen E. Sward and Kristan M. Ropers, of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Marshall Spiegel appeals from a trial court order granting summary judgment in favor of defendant State Farm Fire and Casualty Company (State Farm) in plaintiff's declaratory judgment action. We affirm.

Plaintiff was involved in an altercation with his neighbors, as a result of which he was charged with criminal battery. Plaintiff sought coverage for the defense of the criminal charge under the State Farm umbrella insurance policy that had been issued to him. State Farm denied coverage on the basis that the battery was based on criminal intent and the policy excluded intentional acts from coverage. Plaintiff was later acquitted of the battery charge.

Plaintiff filed a declaratory judgment action against State Farm, seeking a declaration that State Farm improperly denied coverage

for plaintiff's defense of the criminal charge. The trial court granted State Farm's motion for summary judgment, holding that the State Farm policy did not provide coverage to defend against the criminal complaint filed against plaintiff because the criminal complaint was not an action for damages. Plaintiff appeals, contending that the trial court erred in determining that the criminal battery charge was excluded from coverage on the basis that it was not an action for damages and was an intentional act.

■ An insurer is obligated to defend those actions where the complaint alleges facts potentially within the coverage of the policy, even if the allegations are groundless, false or fraudulent. (*Thornton v. Paul* (1978), 74 Ill. 2d 132, 384 N.E.2d 335.) Here, however, plaintiff has failed to show any facts demonstrating potential coverage.

The State Farm policy provides that, "If you are legally obligated to pay damages for a loss, we will pay your net loss minus the retained limit." The policy defines "loss" as "an accident that results in personal injury or property damage during the policy period" and "net loss" as "the amount you are legally obligated to pay as damages for personal injury or property damage." "Personal injury" is defined under the policy as "bodily harm, sickness, disease[,] shock, mental anguish or mental injury," "false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution or humiliation," "libel, slander, defamation of character or invasion of rights of privacy" and "assault and battery."

■ Plaintiff seeks to recover defense costs from State Farm on the basis of the policy language providing coverage for battery. State Farm claims and the trial court agreed that although the policy provides coverage for damages resulting from a battery, the criminal charges brought against plaintiff do not seek the recovery of damages. In *Shelter Mutual Insurance Co. v. Bailey* (1987), 160 Ill. App. 3d 146, 513 N.E.2d 490, a criminal battery charge was brought against the insured, and the insured sought reimbursement of defense fees from the insurer. The court found that the insurer had no duty to defend, stating:

> "[O]nly suits for damages are to be defended under the policies involved in the instant case. A criminal complaint does not seek damages. It is penal in nature. Furthermore, the automobile liability and homeowner's insurance policies in the instant case provide that the 'Company shall defend any suit alleging such bodily injury or property damage and seeking damages.' " (*Shelter*, 160 Ill. App. 3d at 156.)

Plaintiff asks us to depart from the rule set forth in *Shelter* on the basis that the Uniform Code of Corrections (Code) provides that a

sentencing judge may order that a defendant pay restitution, and in cases where the victim is 65 or older, the judge must order restitution. (730 ILCS 5/5—5—6 (West 1994).) Plaintiff claims that restitution is comparable to damages since the Code provides that the amount of restitution is to be determined by the "actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim" (730 ILCS 5/5—5—6(b) (West 1994)) and the order of restitution is enforceable as a civil judgment for damages (730 ILCS 5/5—5—6(m) (West 1994)).

Plaintiff has produced no evidence suggesting that restitution was sought in the criminal battery complaint that was filed against him. Plaintiff did not provide a copy of the criminal complaint to State Farm when requesting defense and coverage, nor has he provided the court with a copy of the complaint. An appellant has a duty to present the reviewing court with a complete record, and any doubts arising from an incomplete record are therefore resolved against the appellant. (*Firkus v. Firkus* (1990), 200 Ill. App. 3d 982, 558 N.E.2d 554.) We do not address the issue of whether restitution constitutes damages under plaintiff's insurance policy with State Farm. Because plaintiff has not shown us that restitution was even a possibility in the criminal case, he has shown no potential coverage under the State Farm policy.

The State Farm policy also excludes coverage for personal injury or property damage that is either intended or expected by plaintiff. The offense of battery is defined in the Illinois Criminal Code of 1961 as follows:

> "A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." (720 ILCS 5/12—3 (West 1994).)

If a complaint alleges only that a battery was committed intentionally and does not also allege negligent conduct, the intentional acts exclusion would preclude coverage. (See *Farmers Automobile Insurance Association v. Medina* (1975), 29 Ill. App. 3d 224, 329 N.E.2d 430.) There is no allegation that plaintiff had been charged with anything other than criminal battery. This charge of intentional conduct is therefore excluded from coverage under the State Farm policy and clearly shows that State Farm had no duty to defend plaintiff against the criminal charge that had been brought against him.

Accordingly, for the reasons set forth above, the trial court order granting summary judgment in favor of State Farm is affirmed.

Affirmed.

COUSINS, P.J., concurs.

T. O'BRIEN, J., specially concurring:

I concur in the result reached by the majority, but believe that the issue of whether restitution constitutes damages under plaintiff's insurance policy ought to be addressed.

Notwithstanding the fact that plaintiff has produced no evidence suggesting restitution was actually sought in the criminal battery complaint, I believe restitution imposed for a violation of the Illinois criminal code does not constitute "damages" within the meaning of plaintiff's insurance policy as a matter of law.

Section 5—5—6(b) of the Unified Code of Corrections provides:

"In fixing the amount of restitution to be paid in cash, *** the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim, *** provided that in no event shall restitution be ordered to be paid on account of pain and suffering." 730 ILCS 5/5—5—6(b) (West 1994).

While "out-of-pocket expenses, losses, damages and injuries suffered by the victim" may suggest some sort of economic loss equal to damages, one must look to the reason for the imposition of an order of restitution.

The Unified Code of Corrections (730 ILCS 5/5—5—6 (West 1994)) sets forth the circumstances under which a court can order restitution:

"In all *convictions* for *offenses* in *violation of the Criminal Code* of 1961 [(720 ILCS 5/1—1 *et seq.* (West 1994))] committed against any person 65 years of age or older in which the person received any injury *** as a result of the *criminal act* of the defendant, *** the court shall order restitution as provided in this Section. In all other cases the court shall at the *sentence hearing* determine whether restitution is an *appropriate sentence* to be imposed on each defendant *convicted* of an *offense*." (Emphasis added.)

As previously noted, the statute authorizes, when appropriate, restitution as a result of *convictions* for offenses. It further speaks in terms of determining at the sentencing hearing whether restitution is an appropriate *sentence* to be imposed on each defendant *convicted* of an *offense*. When the foregoing language is read together, I believe it demonstrates a legislative intent to make restitution a penalty for

the commission of a criminal offense and not merely a substitute for civil damages. Words such as "convictions," "offenses," and "sentencing hearing" do not connote a forum where the ultimate disposition is meant to be an order for civil damages. Since restitution in the context of the above language connotes a penalty or punishment for a criminal offense, I believe it would be against public policy to either indemnify or defend an insured who was prosecuted for a criminal offense.

While no Illinois case precisely addresses the issue that indemnification cannot be had for the performance of a criminal act, the principle is otherwise not the subject of serious dispute.

In *Shew & Brotherton v. Southern Fire & Casualty Co.* (1983), 307 N.C. 438, 298 S.E.2d 380, an insured sought coverage for reimbursement of money he was ordered to pay the county for damage to its property resulting from various traffic charges as well as misdemeanor assault. In denying coverage, the North Carolina Supreme Court held:

> "As an insurer has no legal obligation to defend a Criminal proceeding brought against an insured arising out of the operation of an automobile causing injury or damages, see 6C J. Appleman, Insurance Law and Practice § 4431 (Buckley ed. 1979), so no obligation arises from the disposition of the criminal proceeding. Moreover, it is a basic proposition of public policy, requiring no citation of supporting authority, that an insured is not allowed to profit from his own wrongdoing. To require the [insurer defendant company] to reimburse [insured plaintiffs] for the amount ordered as restitution or to hold that the [insurer defendant company] was legally obligated to pay the amount to [plaintiff/insured's victim] would be tantamount to condoning insurance against the results and penalties of one's own criminal acts. This is against public policy. *See* 1 Couch on Insurance 2d § 1:36 (2d ed. 1959); *see also* 7 Blashfield Automobile Law and Practice § 291.1 (3d ed. 1966)." 307 N.C. at 444, 298 S.E.2d at 384.

In light of the above analysis, I would find that neither a duty to defend nor a duty to indemnify exists under the plaintiff's policy as a matter of law.