JIMMY GRAHAM, JR., ADMINISTRATOR OF THE ESTATE OF LINK C. GRAHAM v. JAMES F. JACKSON ASSOCIATES, INC. AND REPUBLIC INSURANCE COMPANY

No. 868SC674

(Filed 17 February 1987)

**Municipal Corporations § 12.3— person shot by police officer—insurance policy purchased by municipality—injury covered**

Where a police officer pled guilty to involuntary manslaughter in the shooting death of plaintiff's intestate, plaintiff obtained a jury award of $150,000 in compensatory damages in a civil rights action, at the time of the shooting the police officer was insured under a policy of public officers' and employees' professional liability insurance issued by defendant to the town which employed the officer, and plaintiff complied with all pertinent provisions of the policy and made formal demand upon defendant to pay the judgment obtained against the officer, the trial court erred in ruling that coverage was excluded by the terms of the insurance policy and by public policy which prohibits insuring against liability for one's criminal acts, since the coverage and exclusion provisions of the policy were in such conflict as to make it virtually impossible for either an insured or a beneficiary to determine precisely which perils were covered and which were not; because the policy was reasonably susceptible to more than one construction, it must be construed in favor of providing coverage; and the public policy prohibiting insuring against one's criminal acts must be balanced with the strong public policy considerations favoring the protection and compensation of innocent members of the public.

APPEAL by plaintiff from *Llewellyn, Judge.* Judgment entered 14 March 1986 in Superior Court, LENOIR County. Heard in the Court of Appeals 10 December 1986.

The facts of this case have been stipulated. Plaintiff is the administrator of the estate of Link C. Graham, a former resident of Lenoir County, North Carolina, who was shot and killed on 20 April 1981 by Chris Basden, an officer of the LaGrange Police Department. Officer Basden was indicted for murder, but subsequently pled guilty to involuntary manslaughter.

Plaintiff filed an action against Officer Basden, the Town of LaGrange, and the LaGrange Police Department in the United States District Court for the Eastern District of North Carolina seeking, *inter alia*, damages for violations of Link Graham's civil rights pursuant to 42 U.S.C. § 1983, including damages for pain and suffering and wrongful death. Plaintiff subsequently dismissed the Town of LaGrange and the LaGrange Police Department as defendants in the action. After Basden failed to answer or otherwise defend in the action, a jury returned a verdict awarding plaintiff $150,000 in compensatory damages and $50,000 in punitive damages. The court entered judgment for plaintiff on the jury verdict.

At the time of the shooting, Officer Basden was an insured under a policy of public officers' and employees' professional liability insurance issued to the Town of LaGrange by defendants. The policy contained a $1,000,000 limit of liability. Plaintiff has complied with all pertinent provisions of the policy and has made formal demand upon defendants to pay the judgment obtained against Officer Basden. Defendants have denied that the policy provides coverage for Basden's act and have refused to pay the judgment.

Plaintiff filed this action seeking recovery against defendant insurers for all amounts awarded plaintiff pursuant to the judgment against Basden in the federal action. Having stipulated the relevant facts, the parties filed cross-motions for summary judgment. Plaintiff appeals from the trial court's order denying his motion for summary judgment, allowing defendants' motion for summary judgment, and dismissing plaintiff's complaint with prejudice.

*Ferguson, Stein, Watt, Wallas & Adkins, P.A., by James E. Ferguson, II and Frank E. Emory, Jr. for plaintiff appellant.*

*Moore, Van Allen, Allen & Thigpen, by George M. Teague and Sarah W. Fox for defendant appellees.*

MARTIN, Judge.

There are no genuine issues of fact and this is an appropriate case for decision by summary judgment. At the outset, plaintiff concedes that he is not entitled to recover from these defendants the $50,000 in punitive damages awarded him in his suit against Officer Basden, and we summarily affirm the trial court's judgment so holding. The sole issue for our determination is whether the insurance policy issued by defendants provides coverage for compensatory damages awarded plaintiff as a result of Officer Basden's acts. The trial court ruled that coverage was excluded by the terms of the insurance policy and by public policy which prohibits insuring against liability for one's criminal acts. We reverse.

The insurance policy at issue in this case contained the following pertinent provisions:

I. COVERAGE CLAIMS MADE PROVISION

The company will

A. Pay, on behalf of the insured, all sums which the insured shall become legally obligated to pay as damages by reason of any negligent act, error or omission arising out of the performance of insured's duties while on official assignments as a law enforcement official or officer in the regular course of public employment as hereinafter defined arising out of the following perils: Bodily Injury, including assault and battery (as hereinafter defined), Property Damage (as hereinafter defined), Personal Injury (as hereinafter defined) including mental anguish, false arrest, false imprisonment, wrongful eviction, malicious prosecution, libel, slander, invasion of rights of privacy or discrimination.

\*   \*   \*

III. EXCLUSIONS

This policy does not apply:

. . .

(L) to any dishonest, fraudulent, criminal or malicious act or omission.

IV. DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

. . .

(E) Bodily injury as used herein means physical injury to any person (including death) and any mental anguish or mental suffering associated with and arising from such physical injury.

. . .

(H) Personal injury means

(1) false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution or humiliation;

(2) libel, slander, defamation of character, invasion of rights of privacy, discrimination or violation of Civil Rights, or assault and battery;

(3) erroneous service of civil process or papers;

(4) bodily injury as hereinabove defined.

In construing the foregoing provisions, we are guided by the general rule that an insurance policy is a contract between the parties which must be construed and enforced according to its terms. *Allstate Ins. Co. v. Shelby Mut. Ins. Co.*, 269 N.C. 341, 152 S.E. 2d 436 (1967). Any ambiguity or uncertainty in the meaning of particular provisions must be resolved in favor of the policyholder or beneficiary, and against the insurance company responsible for the wording of the policy, *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 172 S.E. 2d 518 (1970), but where the meaning of the policy is clear, the courts must enforce the policy as written, and may not impose additional liabilities upon the parties under the guise of construing an ambiguous term. *Woods v. Nationwide Mutual Ins. Co.*, 295 N.C. 500, 246 S.E. 2d 773 (1978). Exclusions from the undertakings of the insurance company are not favored and will be strictly construed so as to provide the coverage which would otherwise be extended under the policy. *Maddox v. Colonial Life and Accident Ins. Co.*, 303 N.C. 648, 280 S.E. 2d 907 (1981); *Stanback v. Westchester Fire Ins. Co.*, 68 N.C. App. 107, 314 S.E. 2d 775 (1984).

In the present case, plaintiff contends that the coverage provisions and the exclusion provisions of the policy are in such conflict as to make it virtually impossible for either an insured or a beneficiary to determine precisely which perils are covered and which are not. We agree.

To the average reader, the language of the policy issued by defendants presents an interesting array of drafting ambiguities which, we believe, can produce nothing less than confusion as to the perils for which coverage is provided by the policy. For example, the policy explicitly provides coverage for negligently inflicted bodily injury (including death) resulting from assault and battery, a criminal act pursuant to G.S. 14-33, but thereafter purports to exclude claims arising out of any criminal act. The policy specifically provides coverage for malicious prosecution, but later excludes claims arising out of any "malicious act or omission." In short, while the policy provides coverage for a number of specific perils, the exclusionary language "[t]his policy does not apply . . . to any dishonest, fraudulent, criminal or malicious act or omission," when applied literally, effectively denies coverage for many of those very same perils.

Officer Basden was convicted of involuntary manslaughter in connection with the death of plaintiff's intestate. Involuntary manslaughter, a felony in this State, has been defined as an unintentional killing of a person without malice, proximately resulting from the commission of an unlawful act not amounting to a felony nor naturally dangerous to human life, *or* a culpably *negligent* act or omission. *State v. Redfern*, 291 N.C. 319, 230 S.E. 2d 152 (1976). The policy issued by defendants expressly provides coverage for negligently inflicted bodily injury resulting in death, but purports to exclude from coverage "criminal acts," which, in the case of involuntary manslaughter, could include negligently inflicted bodily injury resulting in death. Thus, the policy is reasonably susceptible to more than one construction and must be construed in favor of providing coverage. *Stanback, supra.* Moreover, the policy specifically provided coverage for personal injury occasioned by a violation of civil rights, which was the basis for plaintiff's federal suit against Officer Basden.

Defendants argue, however, that even if the insurance policy may be construed as providing coverage for plaintiff's claim, the

coverage violates public policy and that the contract of insurance is, therefore, unenforceable. It is a general rule that an insurance policy is void as against public policy if its intent is to indemnify the insured against liability for his own criminal acts. *Shew v. Southern Fire & Casualty Co.*, 307 N.C. 438, 298 S.E. 2d 380 (1983); 6B Appleman, Insurance Law and Practice § 4252 (Buckley ed. 1979); 1 Couch on Insurance 2d § 1:39 (Rev. ed. 1984). The general rule prohibiting insurance against liability for criminal acts advances a legitimate public policy interest against relieving a wrongdoer from responsibility for his own wilful and wrongful act, in order that the commission of such acts not be encouraged. *See Shew, supra; Nationwide Mutual Ins. Co. v. Roberts*, 261 N.C. 285, 134 S.E. 2d 654 (1964); 43 Am. Jur. 2d, Insurance, § 260 (1982).

The public policy considerations raised by defendants and served by the foregoing rule are not the only ones present in this case, however. The insurance policy involved in the present case was purchased by the Town of LaGrange, a municipality which would ordinarily be immune from tort liability. As stated in *Edwards v. Akion*, 52 N.C. App. 688, 693, 279 S.E. 2d 894, 897, *aff'd*, 304 N.C. 585, 284 S.E. 2d 518 (1981), "[A] city is ordinarily immune from tort liability, [and] when it voluntarily waives that immunity by purchasing liability insurance, it obviously does so to protect innocent victims. By extending its coverage to city employees, the clear intent is to protect victims from acts of the employees as well as its officers, directors, and stockholders." Thus, there arise strong public policy considerations favoring the protection and compensation of innocent members of the public. These competing public interests must be balanced. *See Mazza v. Medical Mutual Ins. Co.*, 311 N.C. 621, 319 S.E. 2d 217 (1984); *Moore v. Jones*, 44 N.C. App. 578, 261 S.E. 2d 289 (1980). In our view, providing to the public the protection intended by the Town of LaGrange when it purchased insurance would best serve the public interest and should prevail. Therefore, we hold that plaintiff may properly receive payment under the policy for all sums, excluding punitive damages, awarded by the jury.

Insofar as the summary judgment entered by the trial court denies plaintiff recovery against these defendants for punitive damages awarded plaintiff in his suit against Officer Basden, the judgment is affirmed. In all other respects, however, the judg-

ment of the trial court is reversed and this case is remanded for entry of judgment for plaintiff consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

Judges WELLS and JOHNSON concur.