INTERLOCAL RISK FINANCING FUND OF NORTH CAROLINA, Plaintiff,
v.
LACEY RYALS and JONATHON B. PENNY, Defendants.
No. COA06-1607
Court of Appeals of North Carolina.
Filed November 6, 2007
This case not for publication
Cranfill, Sumner & Hartzog, L.L.P., by Susan K. Burkhart, for Plaintiff-Appellee.
The Law Offices of Richard Noel Gusler PLLC, by Richard Noel Gusler, for Defendant-Appellant Lacey Ryals.
STEPHENS, Judge.
Defendant Lacey Ryals ("Ryals") appeals the entry of summary judgment in favor of Plaintiff Interlocal Risk Financing Fund of North Carolina ("Plaintiff") in this declaratory judgment action. For the reasons discussed herein, we affirm the order of the trial court.
On 19 December 2003, Ryals filed a complaint against the Town of Apex ("Town") and four of the Town's police officers, including Defendant Jonathon B. Penny ("Penny") . The complaint included the following allegations: On 4 June 2003, Ryals drove her car to an "after school party" located at a town home in Apex; Penny and other police officers arrived at the town home and broke up the party; Penny instructed Ryals to get into his police car and he drove her to her father's house; Penny asked Ryals for a tour of the house; and, in Ryals' bedroom, Penny committed an assault and battery against Ryals, including acts defined as first-degree sexual offenses by North Carolina's General Statutes. Upon these allegations, Plaintiff advanced two causes of action against Penny: assault and battery and intentional infliction of emotional distress.
At the time of the alleged assault, the Town was insured under an insurance policy issued by Plaintiff . By complaint filed 12 October 2005, Plaintiff sought declaratory relief that, inter alia, its policy provided no coverage for any damages Penny may incur in the underlying action . The trial court granted summary judgment in favor of Plaintiff on 8 August 2006, declaring that Plaintiff has no duty either to defend Penny or to indemnify Penny for any damages he may incur. Additionally, the trial court allowed Plaintiff to withdraw its defense of Penny . On appeal, Ryals' sole argument is that the trial court erred in granting summary judgment in favor of Plaintiff.
An order granting summary judgment is reviewed de novo. Howerton v. Arai Helmet, Ltd., 358 N.C. 440, 597 S.E.2d 674 (2004). "Summary judgment is appropriate `if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [a] party is entitled to a judgment as a matter of law.'" Summey v. Barker, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001)). "Evidence presented by the parties is viewed in the light most favorable to the non-movant." Summey, 357 N.C. at 496, 586 S.E.2d at 249.
In this case, Ryals argues that Plaintiff's policy provides coverage under Coverage B of its Police Professional Liability Coverage Form.[1] The pertinent insuring agreement of that form provides that Plaintiff will
pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" to which this insurance applies.
The Police Professional Liability Coverage Form defines "insured" as "any person or organization qualifying as such under SECTION II  WHO IS AN INSURED." "SECTION II  WHO IS AN INSURED" states:
1. Each of the following is an insured:
. . . .
b. Your employees, but only for acts within the scope of their employment by you.[2]
Ryals contends that (1) Penny meets the definition of an "insured" under the Police Professional Liability Coverage Form, and (2) the coverage provisions of the form are ambiguous and violate public policy, and, therefore, should be construed in favor of providing coverage for Penny in the underlying action. We disagree.
In deciding whether Plaintiff's policy affords coverage for Penny, we are guided by well-established rules of insurance policy construction. First, "an insurance policy is a contract between the parties which must be construed and enforced according to its terms."Graham v. James F. Jackson Assoc., Inc., 84 N.C. App. 427, 430, 352 S.E.2d 878, 880, disc. review improvidently allowed, 321 N.C. 295, 362 S.E.2d 277 (1987). A court "must use the definitions given in the policy to determine the meaning of words contained in the policy." Durham City Bd. of Educ. v. Nat'l Union Fire Ins. Co., 109 N.C. App. 152, 156, 426 S.E.2d 451, 453, disc. review denied, 333 N.C. 790, 431 S.E.2d 22 (1993). "In the absence of such definition[s], nontechnical words are to be given a meaning consistent with the sense in which they are used in ordinary speech[.]" Id. (quoting Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co., 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970)).
"An ambiguity exists when the language used in the policy is susceptible to different, and perhaps conflicting, interpretations." McLeod v. Nationwide Mut. Ins. Co., 115 N.C. App. 283, 290, 444 S.E.2d 487, 492, disc. review denied, 337 N.C. 694, 448 S.E.2d 528 (1994). Any ambiguity must be strictly construed in favor of the insured. Maddox v. Colonial Life &Accident Ins. Co., 303 N.C. 648, 280 S.E.2d 907 (1981). "Exclusions from and exceptions to undertakings by the company are not favored, and are to be strictly construed to provide the coverage which would otherwise be afforded by the policy." Id. at 650, 280 S.E.2d at 908.
"To be within the scope of employment, an employee, at the time of the incident, must be acting in furtherance of the principal's business and for the purpose of accomplishing the duties of his employment." Troxler v. Charter Mandala Ctr., Inc., 89 N.C. App. 268, 271, 365 S.E.2d 665, 668, disc. review denied, 322 N.C. 838, 371 S.E.2d 284 (1988). "Where the employee's actions conceivably are within the scope of employment and in furtherance of the employer's business, the question is one for the jury." Medlin v. Bass, 327 N.C. 587, 593, 398 S.E.2d 460, 463 (1990). "Some acts, however, are so clearly outside the scope of employment that summary judgment is proper." Id. at 594, 398 S.E.2d at 464.
To come under the coverage of the policy, Penny must fall under the definition of an "insured." Accordingly, we must first determine if the sexual assault, as alleged, was "within the scope of [Penny's] employment by [the Town]." This Court decided a similar issue in Durham City Bd. of Educ., supra. In that case, a student in Durham's public schools filed a complaint alleging that she had called the school and had asked a female athletic coach for a ride. The complaint further alleged that the defendant, a male athletic coach, picked up the student, took her to his house, and raped her. This Court concluded that the defendant was not an"insured" under the school district's insurance policy, which defined "insured" as "any employee of the School District while acting within the scope of his or her duties[.]" Durham City Bd. of Educ., 109 N.C. App. at 157, 426 S.E.2d at 454. We stated that "a sexual assault by a school board employee upon a student is beyond the course of the employee's employment." Id. (citing Medlin, 327 N.C. 587, 398 S.E.2d 460). Thus, this Court concluded that the school district's insurance policy did not provide coverage for the alleged rape.
In Medlin, supra, the allegations and forecast of evidence showed that a school principal sexually assaulted a student after summoning the student to his office. Our Supreme Court stated that although the principal was exercising authority conferred upon him by the school in summoning the student to his office, the principal "was advancing a completely personal objective[]" in sexually assaulting the student. Medlin, 327 N.C. at 594, 398 S.E.2d at 464. The Supreme Court held that a sexual assault was "beyond the course and scope of [the principal's] employment as a matter of law." Id.
We are persuaded by the reasoning of Durham City Bd. of Educ. and Medlin to conclude that the sexual assault as alleged by Ryals was not within the scope of Penny's employment by the Town. Penny, therefore, is not an "insured" as defined by the Police Professional Liability Coverage Form of Plaintiff's policy. We need not address Ryals' contention that the coverage provisions of the policy are ambiguous and violate public policy. Those provisions only apply to an "insured" under the policy.[3]
AFFIRMED.
Judges McGEE and SMITH concur.
Report per Rule 30(e).
NOTES
[1] Ryals does not argue that coverage exists under Coverage A of the Police Professional Liability Coverage Form or under the policy's two other coverage forms: the Commercial General Liability Coverage Form or the Public Officials and Employment Practices Liability Coverage Form.
[2] It is not contested that, for acts of police officers which occur within the scope of their employment by the Town, Plaintiff's policy would provide coverage for such officers as insured "employees" of the Town.
[3] We also note that Ryals has presented no authority to support her argument that the policy's coverage provisions violate public policy. See N.C. R. App. P. 28(b)(6) ("The body of the argument . . . shall contain citations of the authorities upon which the appellant relies.").